352 So.2d 524 (1977)
The FINANCIAL MARKETING GROUP, INC., Applicant for Registration As Dealer, and Marvin Leo Popkin, Applicant for Registration As Executive Officer, Petitioners,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE, DIVISION OF SECURITIES, Respondent.
No. 77-189.
District Court of Appeal of Florida, Third District.
August 2, 1977.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Miami, for petitioners.
Eugene J. Cella and Ryland Terry Rigsby, Tallahassee, for respondent.
Before HENDRY, C.J., and BARKDULL and HAVERFIELD, JJ.
BARKDULL, Judge.
Petitioners seek review of an order of the respondent, denying the petitioners' application for a Florida securities dealer's license pursuant to Section 517.12, Florida Statutes. This will be treated as a certiorari per Yamaha International Corporation v. Ehrman, 318 So.2d 196 (Fla. 1st D.C.A. 1975).
On June 30, 1975, The Financial Marketing Group Inc. applied for a securities dealer's license and the petitioner, Marvin Leo Popkin, applied for the position of executive officer of Financial Marketing for securities. They were notified by the State agency of its intention to refuse registrations and administrative charges and complaint, contending Popkin falsified or concealed material facts on his application. It was alleged Popkin failed to disclose a material fact, to wit: that he had been a registered principal broker for Financial Resources Corp. Thereupon, petitioners sought administrative relief, alleging that Popkin was never employed nor served as a registered mortgage broker for Financial Resources Corp. At hearing, the petitioners presented their evidence and the respondent stood moot. Thereafter, the hearings officer found that Popkin had not falsified or concealed a material fact, and recommended the request for license be granted.
Section 120.59, Florida Statutes, required the respondent to render its final order within 90 days after issuance of the recommended order by the hearings examiner. The respondent did not comply therewith but, some 295 days after the recommended order was issued, it issued its own order overturning the hearings examiner and denied the application. This ruling was made without benefit of a transcript upon *525 which the hearings examiner's order was predicated, as said transcript was not prepared until after the respondent entered its order. The petitioners then moved for rehearing. While that motion was pending, they filed the instant petition for writ of certiorari.[1]
The petitioners contend, among other things, that the respondent erred by failing to timely render its final order within 90 days, in violation of Section 120.59, Florida Statutes, and that it further erred in reversing the hearings examiner without having a transcript of testimony before it.
As to the first alleged error, we agree that the language of the statute is mandatory and the respondent should have rendered its final order within 90 days after the recommended order was submitted by the hearings examiner. The statute does not provide a penalty for violation of this section, and the petitioners urge that the penalty should be that the licenses, as required by the petitioners, should issue. We certainly agree that the State agencies should follow mandates of the Legislature. We further observe that the regulatory agencies should not frustrate a citizen's attempt to secure a license to pursue a vocation or profession by inaction. If there were no other basis to reverse the agency's action under review, we might adopt the penalty suggested by the petitioners and require the issuance of the licenses because of the failure of the respondent to follow the mandatory provisions of Section 120.59, Florida Statutes. However, we find the second point urged as error by the petitioners to also be well-taken and, therefore, we reverse or quash the action of the respondent in declining to follow the recommended order of the hearings examiner when it did not have the full transcript of the proceedings before said examiner before it. Deel Motors, Inc. v. Department of Commerce, 252 So.2d 389 (Fla. 1st D.C.A. 1971); Section 120.57(1)(b)(9), Florida Statutes (1975). The respondent urges that it did not need a transcript of the evidence to reverse the recommended order as to conclusions of law. In this it might be correct but, by the very wording of the recommended order and the order of the respondent reversing same, it apparently reversed findings of fact and this it could not do without a transcript of the evidence before it.
Therefore, the order of the respondent reversing the recommended order of the hearings examiner, be and the same is hereby reversed, with directions to approve the order recommended by the hearings examiner.
NOTES
[1] The filing of the petition constituted an abandonment of the undisposed of petition for rehearing. State v. Turnpike Authority, 134 So.2d 12 (Fla. 1961); Scott-Whitaker Company, Inc. v. Joyce Properties, Inc., 155 So.2d 661 (Fla. 3rd D.C.A. 1963).