BOYER, Judge.
By petition for review pursuant to Chapter 120, Florida Statutes, the Administrative Procedure Act, and F.S. 561.29(7), G & B of Jacksonville, Inc. doing business as Out Of Sight, hereinafter referred to as petitioner, seeks review of an order of the Director of the State of Florida Department of Business Regulation, Division of Beverage, hereinafter referred to as respondent, by which order civil penalties were assessed against petitioner.
*953 F.S. 561.29 provides, inter alia, that the Division of Alcoholic Beverages and Tobacco is given full power and authority to revoke or suspend the license of any person holding a license under the beverage law when it is determined or found by the Division upon sufficient cause that a licensee or his or its agents, officers, servants or employees, on the licensed premises, or elsewhere while in the scope of employment, has violated any of the laws of the State of Florida or of the United States. Provision is also made for imposition of civil penalties against a licensee for any violation of the Beverage Law, or any rule issued pursuant thereto, “not to exceed $1,000.00 for violations arising out of a single transaction.”
F.S. 561.29(3) further provides:
“ * * * If a hearing is required, the licensee shall be entitled to produce witnesses and be represented by counsel. Hearings may be conducted by a person designated by the division. The hearing officer shall make findings of fact and may make recommendations for disposition of the case based on such findings of fact. Upon receipt of the finding of fact made by the person designated as hearing officer, the division may enter its decision thereon.”
F.S. 796.07, entitled “Prohibiting prostitution, etc.; evidence; penalties; definitions.” provides, in so far as is here material, as follows:
“(1) As used in this section, unless the context clearly requires otherwise: .
“(a) The term ‘prostitution’ shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of body for licentious sexual intercourse without hire. “(b) The term ‘lewdness’ shall be construed to include any indecent or obscene act.
“(e) The term ‘assignation’ shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
* * * * * *
“(3) It shall further be unlawful in the state:
“(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation.
“(b) To solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation with himself or herself.
“(c) To reside in, enter, or remain in, any place, structure, or building, or to enter or remain in any conveyance, for the purpose of prostitution, lewdness, or assignation.
* *
F.S. 800.03 proscribes exposure of sexual organs. It provides, in material part:
“It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. * * * ”
The Division of Beverage charged petitioner with three offenses:
“(1) That, on or about April 16, 1975, an agent, servant or employee of the Respondent, [G & B of Jacksonville, Inc.] Sarah Jane Smith, did unlawfully commit or engage in lewdness in violation of Section 796.07(3)(a), Florida Statutes, by dancing in a topless state for Detective H. R. Hall and, while dancing, pulling down her bikini panties and exposing her vagina and pubic area and by continually rubbing her vagina, buttocks and legs on Hall’s legs while dancing.
“(2) That, on or about April 16, 1975, an agent, servant or employee of the Respondent, [G & B of Jacksonville, Inc.] Sarah Jane Smith, did unlawfully expose or exhibit her sexual organs in violation of Section 800.03, Florida Statutes.
“(3) That, on or about April 16, 1975, an agent, servant or employee of the Respondent, [G & B of Jacksonville, Inc.] Doris Pesnell Edwards, did unlawfully commit or engage in lewdness, in violation of Section 796.07(3)(a), Florida Stat *954 utes, by continually rubbing her vagina and buttocks on the legs of H. R. Hall while dancing for Hall in a topless state.”
A hearing was conducted before a hearing officer at which hearing Detective Hall testified that Ms. Smith and Ms. Edwards did in fact commit the charged offenses. Ms. Smith denied exposing her vagina and pubic hair, testifying that she wore a G-string underneath a white bathing suit thereby rendering such exposure impossible. Ms. Edwards also denied the alleged acts. The hearing officer rendered a recommended order containing findings of fact and conclusions of law in which he found that the offenses were committed but that the violations attributed to Ms. Smith arose out of a single transaction. He accordingly recommended that a civil, penalty be assessed against petitioner in the amount of $1,000.00 for the violations committed by Ms. Smith and that an additional civil penalty of $1,000.00 be assessed as a result of the violation committed by Ms. Edwards.
The recommended order was entered on May 3, 1976. On September 27, 1976 the Director entered an order adopting the findings of fact and conclusions of law contained in the recommended order of the hearing officer but, without discussing the “single transaction” provision of F.S. 561.-29(4) or of the recommended order, assessed a civil penalty of $1,000.00 for each of the three offenses.
We will address the six points raised by the petitioner in the order presented.
In doing so, we pause to observe that our task would have been made much easier had respondent’s attorney, in the preparation of respondent’s brief, followed the rules applicable to appellate practice by addressing the points raised by petitioner in the same order as presented in petitioner’s brief. The reasons for such rules and the affect on the court of ignoring them is fully set out in the court’s opinion in American Baseball Cap v. Duzinski, 308 So.2d 639 (Fla. 1st DCA 1975) and therefore will not be repeated here.
Petitioner first urges that F.S. 796.-07 is unconstitutional as embracing multiple subjects not expressed in the title, contrary to Article III, Section 6 of the Constitution of the State of Florida which requires that every law shall embrace but one subject and matter properly connected therewith which subject shall be briefly expressed in the title. Respondent properly points out, however, that the subject statute was originally enacted as Chapter 21664, Laws of Florida, 1943, wherein its full title was set forth as follows:
“AN ACT defining and prohibiting lewdness, assignation and prostitution, making it unlawful to engage in, solicit, procure for, aid or abet, lewdness, assignation or prostitution, providing for the admission in evidence of certain testimony in trials hereunder, and providing penalties for the violation of the provisions of this Act.”
We find the constitutional attack to be without merit. (See Bell v. State, 289 So.2d 388 (Fla.1973) and Chesebrough v. State, 255 So.2d 675 (Fla.1971)).
Petitioner next urges that respondent impermissibly increased the recommended penalty without a review of the complete record in violation of F.S. 120.-57(1)(b)(9). Although we find petitioner’s point to be well taken we find no necessity for reversal nor remand but, instead, in accordance with F.S. 120.68(9)(a) we modify the penalty imposed by respondent and reduce same to that recommended by the hearing officer, viz: A total of $2,000.00.[1]
By its third point, petitioner, citing F.S. 120.57(1)(b)(7); F.S. 120.57(1)(b)(8) and F.S. 120.57(1)(b)(9) urges that upon petitioner having filed exceptions to the findings of fact made by the hearing officer, the Director could not meaningfully consider the exceptions and determine whether the findings of fact were based upon competent substantial evidence and thereby en *955 ter an order adopting the findings of fact without first reviewing the entire record. To hold that an agency, petitioner argues, may enter a final order adopting the findings of fact of a hearing officer, when those findings have been challenged, without first reviewing the complete record reduces the final order to a useless act. That argument is not without logic. However, to so hold would ignore the plain language of the cited statute. It is clear from a reading of F.S. 120.57(1)(b)(9) that the legislature intended that a complete review of the entire record be required of the agency only in those instances wherein the agency in its final order rejects or modifies the findings of fact in the recommended order and when, by agency order, the recommended penalty is increased.
Petitioner next challenges the subject order on the basis of timeliness, citing F.S. 120.59 which requires that: “The final order in a proceeding which affects substantial interests shall be in writing or stated in the record * * * and it shall be rendered within 90 days * * * after a recommended order is submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer * * * The statute further provides that the 90-day period may be waived or extended with the consent of all parties. The record before us establishes no waiver nor consent and obviously the challenged order was not rendered within 90 days after the recommended order was submitted to the agency and mailed to the parties. The violation being clear, our task is to determine its effect. To embark upon a discussion of whether the 90-day period is “directory” or “mandatory” is to beg the question. It is apparent that the legislature intended adherence to the 90-day provision. But what is the consequence of violation and upon whom does it fall? It hardly seems appropriate to interpret the rule differently depending upon whether the parties are an agency and a private citizen or whether conflicting interests of multiple private parties are involved. For example, what would be the consequences of a violation of the 90-day rule were the Public Employees Relations Commission to enter an untimely order in a dispute between an employer and a labor union?
Our sister court of the Third District in Financial Marketing Group, Inc. v. State, Department of Banking and Finance, Division of Securities, 352 So.2d 524 (Fla. 3rd DCA 1977) addressed the problem but failed to resolve it, saying:
“As to the first alleged error, we agree that the language of the statute is mandatory and the respondent should have rendered its final order within 90 days after the recommended order was submitted by the hearings examiner. The statute does not provide a penalty for violation of this section, and the petitioners urge that the penalty should be that the licenses, as required by the petitioners, should issue. We certainly agree that the State agencies should follow mandates of the Legislature. We further observe that the regulatory agencies should not frustrate a citizen’s attempt to secure a license to pursue a vocation or profession by inaction. If there were no other basis to reverse the agency’s action under review, we might adopt the penalty suggested by the petitioners and require the issuance of the licenses because of the failure of the respondent to follow the mandatory provisions of Section 120.-59, Florida Statutes. * * * (352 So.2d at page 525)
Considering a similar time limitation for the holding of public service commission hearings and entry of commission order concerning justness and reasonableness of proposed rate changes, this court in Lomelo v. Mayo, 204 So.2d 550 (Fla. 1st DCA 1967), held that the statutory period was designed to further the orderly conduct of the commission’s business and to fix what the legislature considered to be a reasonable time within which to act, the commission being accountable in mandamus for any substantial delay beyond the provided period.
In Cross Key Waterways v. Askew, 351 So.2d 1062 (Fla. 1st DCA 1977), we held that the failure to file a rule within the *956 45-day statutory period did not render it invalid, reciting that the tardiness was not “a material error in procedure”. (See F.S. 120.68(8)).
While agreeing with our sister court of the Third District in Financial Marketing Group, Inc. v. State, Department of Banking and Finance, Division of Securities, supra, that the 90-day period prescribed by the subject statute is mandatory, we conclude that the effect of its violation should be measured by the provisions of F.S. 120.68(8) and that the consequences of a time violation will depend upon whether the fairness of the proceedings or the correctness of the action taken is found to have been impaired. There may well be instances, as suggested in the last cited opinion, in which a violation of the 90-day period by an agency may justify reversal of the agency action. However, sub judice, a careful examination of the entire record reveals that neither the fairness of the proceedings nor the correctness of the action taken have been impaired by the delay. We do not, therefore, reverse on that ground.
By its fifth point, petitioner argues that the penalties were excessive as a result of the hearing officer, and later the Director, failing to “view this case alone, and on its merit, without regard to other separate and independent cases against petitioner which he heard simultaneously”.
The charges made against petitioner in this case were three of a total of eighteen charges made against five different licensed locations, all owned by petitioner. The cases made against each of the licensed premises were heard by the same hearing officer consecutively on the same day. Finding petitioner guilty on fourteen charges, the hearing officer recommended fines totalling $11,000.00, plus license suspensions totalling 90 days at three of the five locations. The Director affirmed the orders of the hearing officer in every respect except that the penalty impositions were reduced to $8,350.00 and license suspensions to a total of 30 days, viz: Ten days each for three locations. In the case sub judice the hearing officer recommended two $1,000.00 fines which the agency increased to $3,000.00, as already mentioned. The size of the penalties, the maximum allowed by F.S. 561.29(4), together with statements made by the hearing officer in several of his recommended orders, indicate, petitioner argues, that the hearing officer became prejudiced and failed to consider the issues in each case independently.
Confining ourselves, as we must, to the case now under consideration, we conclude that although a lesser penalty could have been justified, particularly in view of the contradictory nature of the evidence adduced, they were nevertheless within the bounds set by the statute and may not, therefore, be disturbed by us. (See Carlton v. Div. of Occupations, etc., 354 So.2d 77 (Fla. 1st DCA 1977).[2]
Finally, petitioner urges that the challenged order is not supported by competent substantial evidence. Having found that F.S. 796.07 is constitutional, we find no difficulty in affirming the challenged order as to violation of the proscription in that statute against lewdness. We therefore hold that the record reveals substantial competent evidence to sustain the first and third charges hereinabove quoted. However the second charge, as already noted, alleged that Ms. Smith “did unlawfully expose or exhibit her sexual organs in violation of Section 800.03, Florida Statutes”. We find no evidence in the record to sustain that charge. No esoteric discussion is required in order to define or describe “sexual organs”, nor the location thereof on the human anatomy. Suffice to say, that exposure of the pubic hair or buttocks or legs (or all three) do not constitute exposure of the sexual organ. Neither is it necessary that Ms. Smith have exposed her sexual organ in order to have lewdly rubbed her vagina on Detective Hall’s leg. There is an obvious distinction, as apparently recognized by re- *957 spondent, between the conduct proscribed by F.S. 796.07 and that proscribed by F.S. 800.03.
Discussing the latter statute (F.S. 800.03) and emphasizing its area of proscription, the Supreme Court of Florida in Hoffman v. Carson, 250 So.2d 891 (Fla.1971), said:
“ * * * Rather, it [F.S. 800.03] is directed at the exposure of sexual organs and nudity, * * *
‡ ‡ % ‡ ‡
“But our holding here is not meant to suggest that nudity or exposure in all circumstances would not be violative of this statute. * * * ” (emphasis the courts: 250 So.2d at pages 893 and 894)
The Hoffman decision involved a “go-go dancer” who was arrested for violating F.S. 800.03 by going totally nude and exposing her sex organs in the course of her performances. Such are not the facts revealed by the record sub judice.
We conclude therefore that the challenged order must be reversed in so far as it determined petitioner to have been guilty of the second offense charged. However, inasmuch as that offense arose out of the same transaction as did the first offense and we have already held that respondent improperly imposed separate penalties for each offense arising out of the same transaction, our reversal here as to the second offense charged has no effect on the amount of penalties validly imposed.
We accordingly affirm in part and reverse in part and reduce the total penalties imposed incident to this case to the sum of $2,000.00.
IT IS SO ORDERED.
McCORD, C. J., and MELVIN, J., concur.

. We will further discuss the propriety of the penalty under our treatment of a subsequent point, post.

. As recited in footnote (1), supra, we here treat this particular point: The penalty will be further discussed under the final point presented, post.