364 So.2d 109 (1978)
CITY OF PANAMA CITY, Florida, Petitioner,
v.
The FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION, Respondent.
No. GG-362.
District Court of Appeal of Florida, First District.
November 17, 1978.
*110 John-Edward Alley and Richard R. Parker, of Alley & Alley, Miami, Rowlett W. Bryant, of Sales, Bryant, Daniels & Thompson, Panama City, and Alley & Alley, Miami, for petitioner.
Leonard Carson, C. Anthony Cleveland and Anne M. Parker, Tallahassee, for respondent.
BOYER, Acting Chief Judge.
By this petition for review, the City of Panama City (City) seeks review of an order of the Florida Public Employees Relations Commission (PERC) denying approval of the City's local option ordinance.
F.S. 447.603 provides that municipalities may adopt local ordinances governing collective bargaining relationships between the municipality and its employees. Prior to becoming law, the municipality must apply to PERC for review and approval as to whether the provisions or procedures in the local ordinance are "substantially equivalent" to the provisions and procedures set *111 forth in the Public Employees Relations Act (PERA). After the local option ordinance becomes law, it operates in lieu of the requirements of PERA.
In December, 1974, the City filed with PERC local ordinance number 912, a local option ordinance governing labor relations between the City and its employees. A public hearing was set to determine the question of substantial equivalency of the ordinance. However, prior to the hearing, the City adopted ordinance number 933, an amended version of ordinance number 912, which the City contends better conforms to the parameters of the concept of substantial equivalency which was espoused by PERC in another local option case. The City attempted to present oral argument on the amended ordinance at the scheduled hearing before PERC, but the Chairman declined to hear arguments, reasoning that the parties had not been given sufficient time to study it. In April, 1976, a hearing was finally held on City ordinance number 933. At that hearing, the Commission rendered an oral decision which approved the ordinance subject to certain modifications and conditions. During a workshop held over a year later, the Commission redetermined the issue of the substantial equivalency of the ordinance. Thereafter, the Commission entered its order denying approval.
The City raises as its first error the question of whether PERC erroneously rejected the City's local option ordinance by incorrectly construing F.S. 447.603 to require a "substantial departure" standard of review.
Initially, we note that PERC found nine deficiencies in the submitted local option. Of those nine deficiencies enumerated by PERC, only two mention the test of substantial departure and one of those, in the same paragraph, also mentioned the standard "substantially equivalent". Therefore, it does not appear that PERC used an improper standard of review when throughout the order here appealed the standard of "substantially equivalent" was used.
We approve on the merits PERC's findings concerning the following eight deficiencies in the submitted local option: A registration procedure which did not recognize previous registration with the Commission, thus subjecting an employee organization to the burden of multiple registration, and required additional registration requirements; an impasse procedure which focused attention on factors significant to impasse resolution not found in the act; a strike penalty clause which erroneously referred to the state act rather than the local ordinance; a certification clause which failed to honor certifications already issued by the Commission; a clause providing that all rules of the local Commission became effective upon City Commission approval, without providing for Commission approval as required by Section 447.603 of the Act and Fla. Administrative Code Rule 8H-7.08; a lack of any provision requiring the local option to accept jurisdiction of cases pending before the Commission and to grant such cases expedited treatment; a clause providing that the local option will become effective upon submission to the Commission, which is contrary to both the mandates of F.S. 447.603 and established case law; and the lack of any provision requiring Commission approval of any subsequent amendment to the ordinance, which is inconsistent with the Commission's continuous duty to insure that a local option grants public employees rights and procedures substantially equivalent to those found in the act. However, concerning PERC's finding that "a local Commission consisting of only three members does not secure to public employees rights and procedures substantially equivalent to those provided by the five member Commission with a three member quorum as established by the act" we must reverse. Whether or not there are three members or five members on the Commission does not substantially affect the rights secured by the act.
In its second point, the City contends that PERC, by deviating from its prior holdings without providing explanation or justification for the departure, committed an abuse of discretion. However, concerning *112 this alleged error, we must agree with PERC that where the order here appealed departed from prior Commission rulings, the order fully explained the rationale of the Commission and the factors which compelled the modification of its prior decision. The requirements set forth in McDonald v. Department of Banking & Finance, 346 So.2d 569 (Fla. 1st DCA 1977), in so far as here applicable, were satisfied.
In its third point, the City urges that PERC's oral decision of April 7, 1976, conditionally approving the local option ordinance, should be viewed as a final order approving the ordinance and that since the Commission failed to reduce its order to writing, the Commission should be estopped from later denying the res judicata effect of that oral order. On the other hand, PERC contends that an agency decision is not final until it is reduced to writing under F.S. 120.52(9) and that the Commission's oral decision was clearly conditional and ambiguous, and was not an unequivocal ruling duly recorded in the Commission minutes. (Shevin ex rel. State v. Public Service Commission, 333 So.2d 9 (Fla. 1976)) We are persuaded that the oral decision conditionally approving the local option ordinance cannot be considered as a final order of PERC. It simply was not an unequivocal, unambiguous decision embodied in an official record which would substitute for a written order for the purposes of F.S. 120.52(9) and F.S. 120.68(1).
Next, the City raises as error PERC's conclusion that F.S. 447.603 requires approval by PERC of a local option ordinance before it becomes law. That issue was addressed by Judge Grimes of the Second District Court of Appeal in Public Employees Relations Commission v. City of Naples, 327 So.2d 41 (Fla. 2nd DCA 1976) and was fully explored. We quote with approval relevant portions of that opinion:
"Thus, the issue boils down to whether PERC's approval of the provisions and procedures established by the city's ordinance is required before the city is entitled to assume jurisdiction of the public employees bargaining procedure.
"The city argues that the statute doesn't specifically say that PERC's approval is a condition precedent to the effectiveness of the ordinance. The city suggests that the legislature simply intended that PERC would act as a watchdog whereby it would have the right to attack in the courts any local ordinance deemed to be insufficient. On the other hand, PERC points to the fact that the statute requires the public employer to apply to `the commission for review and approval' of its provisions and procedures. PERC suggests that to adopt the city's position would permit a local entity to pass an ordinance establishing any kind of provisions or procedures and to place the burden upon PERC to seek to have it set aside.
"On balance, we are persuaded that PERC's position must prevail. It is obvious that the Tucker Act represents the result of a comprehensive effort to establish an orderly process for the administration of collective bargaining with public employees. There are detailed provisions for determining the employee organization which is entitled to act as bargaining agent for each bargaining unit, and there is a method provided to handle charges of unfair labor practices. Many of the procedures appear to be similar to those followed in labor matters on the federal level. In this complex area of the law, it is important to have reasonably consistent interpretations. Therefore, if public employee relations are in some instances to be supervised on the local level, logic dictates that from the outset the procedures to be followed should be substantially similar to those employed by PERC.
"The city contends that its position is consistent with the decentralization philosophy expressed by the constitutional and legislative "Home Rule" provisions. However, Article VIII, Section 2(b) of the Florida Constitution establishes a grant of powers to municipalities `except as otherwise provided by law,' and Fla. Stat. § 166.021(3)(c) (1973) provides that municipalities may enact legislation upon any *113 subject matter except those `expressly preempted to state ... government ... by general law.' We believe that by the passage of the Tucker Act the legislature has seen fit to preempt to the state the subject of public employee bargaining to the extent that a municipality can have no jurisdiction unless the provisions and procedures of its ordinance have been approved by PERC. The Circuit Court of the Fourteenth Judicial Circuit recently reached a similar conclusion in Police Benevolent Association v. The Municipality of Panama City, Florida, Case No. 74-1363, Order entered September 5, 1975." (327 So.2d at pages 42 and 43.)
In approving such procedure, we note (as did Judge Grimes in the last above cited case) that PERC's determination concerning the substantially equivalency of a local option ordinance is subject to judicial review; therefore appropriate protection is afforded to the municipality.
Finally, the City urges as error PERC's failure to render an order containing separate findings of fact and conclusions of law and its failure to state in writing those findings of fact and conclusions of law within ninety days of its oral order of conditional approval; claiming that such constitutes a material error in procedure which impaired the fairness of the proceeding. PERC contends that its order sufficiently complies with F.S. 120.57(2)(a)(1) and (2), that although the final order is not a model of perfection, nevertheless it is not violative of F.S. 120.59(1) for failure to separately state the findings of fact and conclusions of law, and that the ninety day requirement of F.S. 120.59(1)(a) is mooted by the issuance of the order which constitutes the basis of this appeal. While agreeing that the challenged order is no model, we are nevertheless persuaded that under the rationale of Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977) it is sufficient.
However, we find merit in the City's argument that PERC's failure to render its order within ninety days of the hearing constituted, under the facts of this case, a material error in procedure which impaired the fairness of the proceeding. The City began seeking approval in 1974 and it was not until June 6, 1977 that PERC finally entered its order. Neither PERA nor the APA were intended by the legislature to be used as tools of frustration. We had occasion to address the issue in G & B of Jacksonville, Inc., etc., v. State of Florida, Department of Business Regulation, etc., 362 So.2d 951, 955 (Fla.1st DCA 1978), wherein we said:
"Petitioner next challenges the subject order on the basis of timeliness, citing F.S. 120.59 which requires that: `The final order in a proceeding which affects substantial interests shall be in writing or stated in the record * * * and it shall be rendered within 90 days * * * after a recommended order is submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer * * *'. The statute further provides that the 90-day period may be waived or extended with the consent of all parties. The record before us establishes no waiver nor consent and obviously the challenged order was not rendered within 90 days after the recommended order was submitted to the agency and mailed to the parties. The violation being clear, our task is to determine its effect. To embark upon a discussion of whether the 90-day period is `directory' or `mandatory' is to beg the question. It is apparent that the legislature intended adherence to the 90-day provision. But what is the consequence of violation and upon whom does it fall? It hardly seems appropriate to interpret the rule differently depending upon whether the parties are an agency and a private citizen or whether conflicting interests of multiple private parties are involved. For example, what would be the consequences of a violation of the 90-day rule were the Public Employees Relations Commission to enter an untimely order in a dispute between an employer and a labor union?

*114 "Our sister court of the Third District in Financial Marketing Group, Inc. v. State, Department of Banking and Finance, Division of Securities, 352 So.2d 524 (Fla. 3rd DCA 1977) addressed the problem but failed to resolve it, saying:
`As to the first alleged error, we agree that the language of the statute is mandatory and the respondent should have rendered its final order within 90 days after the recommended order was submitted by the hearings examiner. The statute does not provide a penalty for violation of this section, and the petitioners urge that the penalty should be that the licenses, as required by the petitioners, should issue. We certainly agree that the State agencies should follow mandates of the Legislature. We further observe that the regulatory agencies should not frustrate a citizen's attempt to secure a license to pursue a vocation or profession by inaction. If there were no other basis to reverse the agency's action under review, we might adopt the penalty suggested by the petitioners and require the issuance of the licenses because of the failure of the respondent to follow the mandatory provisions of Section 120.59, Florida Statutes. * * *' (352 So.2d at page 525) [Emphasis added]
* * * * * *
"While agreeing with our sister court of the Third District in Financial Marketing Group, Inc. v. State, Department of Banking and Finance, Division of Securities, supra, that the 90-day period prescribed by the subject statute is mandatory, we conclude that the effect of its violation should be measured by the provisions of F.S. 120.68(8) and that the consequences of a time violation will depend upon whether the fairness of the proceedings or the correctness of the action taken is found to have been impaired. There may well be instances, as suggested in the last cited opinion, in which a violation of the 90-day period by an agency may justify reversal of the agency action. * * *" (emphasis added)
The case sub judice presents just such an instance. PERC flagrantly disregarded the time provision in the statute and the rights of the City and its employees to have their status timely determined. Clearly the fairness of the proceedings has been impaired.
Accordingly, while substantially agreeing with PERC on the merits, we nevertheless, for the reasons above given, reverse the order here reviewed and remand with directions that the City's local option ordinance, ordinance number 933, be approved.
The City has requested attorney fees in accordance with F.S. 120.57(1)(b)(9). Although an award of such fees would be justified under the facts of this case (Compare Jess Parrish Memorial Hospital v. Florida Public Employees Relations Commission et al., 364 So.2d 777 (Fla. 1st DCA 1978) in anticipation that PERC will not proceed in accordance with the applicable statutes and the mandate of this case, we exercise our discretion to deny the City's request.
IT IS SO ORDERED.
BLACK, SUSAN H., Associate Judge, concurs.
SMITH, J., dissents.
SMITH, J., dissenting:
I disagree with the court's decision that, in the circumstances of this case, PERC should be required to approve Panama City's local option ordinance in consequence of the delay in issuance of PERC's final order. While PERC's delay was to some extent inexplicable, Panama City does not claim that it was prejudiced in any particular way. I agree with all else Judge Boyer has written for the court, and would approve PERC's findings except in reference to the necessity for a local commission of five members.