ERVIN, Judge.
The City appeals PERC’s order requiring it to amend its local option ordinance to correct certain deficiencies and to bring it into substantial compliance with Chapter 447, Part II, as amended by Chapter 77-343, Laws of Florida. In a prior case before us involving the same parties, City of Panama City v. PERC, 364 So.2d 109 (Fla. 1st DCA 1978), we agreed with PERC that the City’s proposed local option ordinance was deficient in several respects, but concluded that PERC’s order denying approval of the proposed ordinance must be reversed due to PERC’s failure to render it within 90 days following the hearing, as required by Section 120.59, Florida Statutes (1977). On remand, PERC issued two orders: One, complying with our mandate in City of Panama City, withdrew its prior order and approved the local option ordinance. The second, filed 30 days thereafter, found that the ordinance, as approved, contained seven deficiencies as enumerated by us in City of Panama City v. PERC, supra. The City was ordered to update its ordinance to remedy those deficiencies as well as to reflect the changes in Chapter 447, Part II, which went into effect after the order appealed in City of Panama City was filed.
In response to the City’s argument that PERC was bound by our prior opinion once it became final, PERC points out that in City of Pensacola v. PERC, 358 So.2d 589 (Fla. 1st DCA 1978), we affirmed an order requiring the City to update its previously approved local option ordinance so that it would comply substantially with the amendments to Chapter 447, Part II. Neither the order at issue in City of Panama City, supra, nor our opinion considered the effect of Chapter 77-343 on the City’s local option ordinance. Both related to Chapter 447 before its amendment. The second portion of the order directing the City to amend its ordinance to reflect changes in Chapter 447, as amended, is consistent with PERC’s authority recognized by us in City of Pensacola, supra. As in that case the issue here is one of law and any failure of PERC to comply with Section 120.57(2) was harmless error. The first part of the order, however; adopting the seven deficiencies which we mentioned in dicta in our previous opinion is reversed. PERC is bound by this court’s earlier decision and it may not reassert the issue which was then resolved in that case. See 2 Am.Jur.2d, Administrative Law, § 768, p. 671 (1962), and O. P. Corporation v. Village of North Palm Beach, 302 So.2d 130 (Fla.1974). Once our mandate became final, PERC was bound to comply with it and could not require the City to cure certain deficiencies in the ordinance as they existed under Chapter 447 prior to its amendment.
The question to be considered on remand is what rights were conferred on public employees by the amended act which were not before in existence. If the act created new rights which the local ordinance did not adopt, it is within a proper *68 exercise of discretion for PERC to diréct the City to comply with them in its ordinance. If the ordinance does not comply, it is deficient. It is possible the deficiencies may be the same as those noted in our prior opinion. The distinction is that any such deficiencies must be specifically correlated to amendments which later went into effect. PERC is therefore not precluded from remedying deficiencies in the ordinance which do not comply with rights granted to public employees by Chapter 77-343.
PERC’s order is reversed to the extent it conflicts with this court's prior approval of the City’s ordinance and affirmed to the extent it requires the City to amend its ordinance to comply substantially with the amendments in Chapter 77-343, and the case is remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., Acting C. J., and BOOTH, J., concur.