379 So.2d 985 (1980)
PINELLAS COUNTY, Florida, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION, Respondent.
No. 79-628.
District Court of Appeal of Florida, Second District.
January 25, 1980.
Rehearing Denied February 15, 1980.
Leslie M. Conklin and W. Gray Dunlap, Clearwater, and John-Edward Alley and Robert D. Hall, Jr. of Alley & Alley, Tampa, for petitioner.
Vernon Townes Grizzard, Staff Counsel, Tallahassee, for respondent.
HOBSON, Acting Chief Judge.
The Board of County Commissioners of Pinellas County (county) seeks review of a final order rendered by the Florida Public Employees Relations Commission (PERC) which denied the County's application for approval of local option ordinance No. 76-20, submitted pursuant to Section 447.603, Florida Statutes (1975). We reverse.
In 1974, the Florida legislature enacted Part II of Chapter 447, Florida Statutes (the Tucker Act). The act established the Public Employees Relations Commission and delegated to it the task of supervising collective bargaining by public employees. On February 4, 1975, Pinellas County submitted local option ordinance No. 75-4 to PERC for approval. The ordinance was drafted under the authority of Section 447.603, Florida Statutes, which provided:
447.603 Local option.  Any district school board or political subdivision, other than the state or a state public authority, may elect to adopt, by ordinance, resolution, or charter amendment, its own provisions and procedures in lieu of the requirement of this part, provided such provisions and procedures effectively secure to public employees substantially equivalent rights and procedures as set forth in this part. Prior to [such provisions and procedures] becoming law, the public employer shall apply to the commission for review and approval as to whether local provisions or procedures, or both, are substantially equivalent to the provisions and procedures set forth in this part. All public employee agreements now in existence shall remain in effect until their expiration.
Seven months later, on September 17, 1975, PERC conducted a hearing on the proposed ordinance. On February 26, 1976, hearing officer Curtis L. Mack issued a staff recommendation and analysis which specified 94 deficiencies in the subject ordinance. At a hearing before PERC on March 3, 1976, further oral argument was heard and the application for approval was denied. On August 25, 1976, the county filed ordinance No. 76-20 for approval, which substantially amended the original local option ordinance.
Ordinance No. 76-20 was assigned to a PERC attorney for research and investigation. On May 25, 1978 (nearly two years after the amended ordinance was *986 submitted), the investigating agent recommended that the local option application be denied. His report found that the ordinance, as amended and resubmitted, conformed to some 91 changes suggested in the prior hearing officer's report of February 26, 1976; however, the recommended order suggested 12 additional changes that would be necessary in order to secure approval. PERC granted the county additional time to file exceptions and brief and on June 19, 1978, the county did so file. On September 11, 1978, oral argument on the exceptions to the recommended order was heard. Six months later, the county filed a petition with this court seeking relief which would require PERC to approve the local option ordinance on the ground that PERC had abused the "90-day rule" of Section 120.59 (Florida Statutes). The following day, March 22, 1979, PERC entered the final order denying approval of the local option application. This order was rendered 192 days following oral argument, two and one-half years after the county submitted amended ordinance No. 76-20 and over four years after the county filed its initial application for approval of ordinance 75-4.

DISCUSSION
Section 120.59, Florida Statutes, provides:
(1) The final order in a proceeding which affects substantial interests shall be in writing or stated in the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within ninety days:
(a) After the hearing is concluded, if conducted by the agency,
(b) After a recommended order is submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer, or
(c) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing.
The ninety day period may be waived or extended with the consent of all parties. (Emphasis ours)
Although the above-quoted section does not provide a specific penalty in the event an agency violates the 90-day rule, Section 120.68, Florida Statutes, which deals with judicial review, sets out in subsection (8):
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
The county argues that under the authority of City of Panama City v. PERC, 364 So.2d 109 (Fla. 1st DCA 1978), this court must reverse PERC's final order and remand the cause with directions that the local option ordinance be approved as it now stands. The facts of the Panama City case are strikingly similar to those in the instant case. In Panama City, the city filed a petition seeking review of an order of PERC which denied approval of a similar local option ordinance. The city filed its proposed ordinance in December 1974 and, after hearings, adopted an amended ordinance to conform to the concept of "substantial equivalency." A hearing was held on the amended ordinance in April 1976. PERC rendered an oral decision which approved the ordinance subject to certain modifications and conditions. Over a year later, PERC redetermined the issue of the substantial equivalency of the ordinance and entered its order denying approval. The First District Court approved PERC's findings concerning the deficiencies in the submitted ordinance and substantially agreed with PERC on the merits of the case. Nevertheless, the court reversed the order and remanded with directions that the city's local option ordinance be approved. The basis on which the court granted its reversal was that "PERC flagrantly disregarded the time provision in the statute and the rights of the city and its employees to have their status timely determined. Clearly the fairness of the proceedings has been impaired." Panama City at 114. The Panama City court cited with approval the case of Financial Marketing *987 Group, Inc. v. State Department of Banking & Finance, Div. of Securities, 352 So.2d 524 (Fla. 3d DCA 1977), in which that court reversed a final agency order which denied a security dealer's license. The reversal was based on the fact that the agency's final order was improper where the agency did not have before it a full transcript of the proceedings before the hearing examiner and had apparently reversed his findings of fact. The court noted that PERC had failed to render its final order within 90 days and remarked:
We certainly agree that the State agencies should follow mandates of the Legislature. We further observe that the regulatory agencies should not frustrate a citizen's attempt to secure a license to pursue a vocation or profession by inaction. If there were no other basis to reverse the agency's action under review, we might adopt the penalty suggested by the petitioners and require the issuance of the licenses because of the failure of the respondent to follow the mandatory provisions of Section 120.59, Florida Statutes.
Financial Marketing at 525.
We have examined the record of the case under review to determine whether or not "the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." It is our considered opinion that the county diligently pursued a course of action designed to acquire PERC's approval of its local option ordinance. These efforts were met with delay and inaction, for whatever reason, by PERC. Although we realize the importance of thorough investigation by the commission in order to determine whether the submitted ordinance meets statutory requirements, certainly there was more than enough time to handle this matter in the two and one-half year period after its second submission. When the legislature saw fit to delegate extensive responsibility to PERC through the Tucker Act and, further, to place certain time limits on the execution of this responsibility, we assume that the purpose was to assure efficient resolution of collective bargaining matters. Although extenuating circumstances might exist in certain situations which would relieve PERC from strict compliance with the 90-day rule, we can find no such extenuating circumstances in this case. Whatever the motives or reasons which prompted this flagrant disregard for the statutory time limit, the result is a material error in procedure which requires redress by this court. If PERC's primary consideration in the matter had been to assure a substantially equivalent local option ordinance for the benefit of county employees, it had more than sufficient time in which to do so. If the investigation appeared to require more than 90 days, PERC should have at least requested that the county stipulate to a definite period of extension.
Therefore, we grant the petition for review and reverse the final order which denied approval of Pinellas County's local option ordinance No. 76-20. We remand the cause for the county to amend said ordinance where necessary to bring it into substantial compliance with Chapter 447, Part II, as amended by Chapter 77-343, Laws of Florida. City of Panama City v. PERC, 378 So.2d 66 (Fla. 1st DCA 1979). Upon said amended ordinance being filed with PERC, the commission is ordered to grant immediate approval.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.