448 So.2d 1212 (1984)
WEST PALM BEACH ASSOCIATION OF FIREFIGHTERS, LOCAL UNION 727, Walter L. Byrd, Robin Herring, David Heyer, Dennis J. Wirthington, and Dennis L. Grimes, Appellants,
v.
BOARD OF CITY COMMISSIONERS OF the CITY OF WEST PALM BEACH, Appellee.
No. 82-2129.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
*1213 Joseph C. Segor and Joseph H. Kaplan, Gerald A. Rosenthal and Steven Bloom of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro, Miami, for appellants.
Carl V.M. Coffin, City Atty., West Palm Beach, Lee E. Miller and Peter J. Hurtgen, Sp. Counsel for City of West Palm Beach, of Seyfarth, Shaw, Fairweather & Geraldson, Tallahassee, for appellee.
DOWNEY, Judge.
Appellants, the West Palm Beach Association of Firefighters, and a group of taxpayers, seek reversal of a final judgment holding that a proposed initiative ordinance was unconstitutional and denying appellants' petition for writ of mandamus. The judgment was entered upon the petition, response, and appellants' reply to the response. Appellants concede there is no factual dispute involved.
Appellants prepared and circulated an initiative petition, requesting that an ordinance[1] be placed on the ballot for consideration by the electors of the city. The city refused to submit the proposed ordinance to a referendum on the grounds that the ordinance was unconstitutional in its entirety. Appellants thereupon filed this action seeking a writ of mandamus; from the adverse judgment they have perfected this appeal.
Appellants' first point is that the city did not have the authority to refuse to place the ordinance on the ballot on the ground of alleged unconstitutionality. It is argued that the city must either adopt the ordinance as proposed or submit it to the electorate; the city can not itself pass on its validity. It is conceded by the city that it can not make the final determination as to constitutionality, but the city contends it can refuse to submit the matter to referendum and let the court decide the constitutional question. Why, then, the city did not seek declaratory relief from the circuit *1214 court to resolve the issue we are not aware. However, we suggest that under the circumstances that would have been the preferred procedure. Dade County v. Dade County League of Municipalities, 104 So.2d 512 (Fla. 1958); City of Ft. Pierce v. McCarty, 422 So.2d 1094 (Fla. 4th DCA 1982).
Be that as it may, appellants instituted a suit for mandamus to force the city to submit the matter to the people. As a result, the pleadings presented to the court, among other things, the constitutionality of the proposed ordinance. It appears that when an initiative petition is presented requesting the presentation of a proposed ordinance to the electorate and the governmental agency in good faith questions the constitutionality of the ordinance in its entirety and on its face the court may properly consider that question in advance of an election concerning its approval. Dade County v. Dade County League of Municipalities, supra. The rationale of that rule is that this type of question (as opposed to a political question) may be determined in advance of the election in order to preclude or forestall the possible expenditure of funds in a useless act should the ordinance ultimately be held unconstitutional. Dade County, supra. On the other hand, a proposal that is unconstitutional only in part or is invalid on nonconstitutional grounds is not cognizable by the court prior to a proposed election. Rivergate Restaurant Corp. v. Metro Dade Cty., 369 So.2d 679 (Fla. 3d DCA 1979).
Thus, in the present case it was appropriate for the court to entertain and decide the constitutional question because the city contended the ordinance was unconstitutional in its entirety.
Next, appellant suggests that the proposed ordinance in this case is not expressly prohibited by the constitution, nor is the subject expressly preempted to the State by the constitution or general law.
Regarding the preemption argument, there are cases saying that the legislature has preempted to the state via Chapter 447, Florida Statutes (1981), the subject of public employee bargaining. See: Maxwell v. School Board of Broward County, 330 So.2d 177 (Fla. 4th DCA 1976); Public Employees Relations Com'n. v. City of Naples, 327 So.2d 41 (Fla. 2d DCA 1976); City of Panama City v. Florida Public Emp., etc. Commission, 364 So.2d 109 (Fla. 1st DCA 1978). However, our reading of Chapter 447 leaves us with some degree of apprehension about the validity of those opinions because we fail to find in Chapter 447 the express preemption (as opposed to preemption by implication) required by Section 166.021(3)(c), Florida Statutes (1981). Nevertheless, we leave a full treatment of that question for another day because we hold that the proposed ordinance is unconstitutional in its entirety and on its face because it conflicts with the general law contained in Chapter 447. The impasse proceedings provided for in Section 447.403(3), et seq. are nullified by the ordinance, since the reason for their existence is disposed of. For example, the written notice required by Section 447.403(3), the discussions between parties, the recommendation for settling by the Chief Executive Officer, the public hearing before the legislative body, and the legislative body's action, taken in the public interest are all obviated by the ordinance. Furthermore, Section 447.203(14), which provides that "neither party shall be compelled to agree to a proposal or required to make a concession unless otherwise provided in this part" is likewise nullified by the ordinance. On the subject of conflict between municipal ordinances and state general law, the Third District Court of Appeal, in City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981), stated:
One impediment to constitutionally derived legislative powers of municipalities occurs when the municipality enacts ordinances which conflict with state law.
404 So.2d at 1069.
In Rocio the City suggested that the foregoing rule of law had changed by passage of the Home Rule Powers Act, Chapter 166, Florida Statutes (1973). The court, however, disposed of that contention by pointing out:
The principle that a municipal ordinance is inferior to state law remains undisturbed. *1215 Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation by municipalities may not conflict with state law. If conflict arises, state law prevails.
404 So.2d 1070.
Accord: Edwards v. State, 422 So.2d 84 (Fla. 2d DCA 1982).
Article VIII, § 2(b), Florida Constitution, provides that municipalities "may exercise any power for municipal purposes unless otherwise provided by law." Thus a municipality may not properly exercise its legislative power by enacting an ordinance that conflicts with an existing state statute. Because the ordinance in question conflicts with provisions of Chapter 447, Florida Statutes, it violates Article VIII, § 2(b), and is invalid.
Accordingly, the judgment of the trial court holding the proposed ordinance unconstitutional and denying the petition for writ of mandamus is affirmed.
AFFIRMED.
LETTS and DELL, JJ., concur.
NOTES
[1] The proposed ordinance provides:

"In any contract involving terms or conditions of employment, between the City of West Palm Beach and its firefighter employees acting through its employee organization, where unresolved issues are submitted to a special master pursuant to Florida Statutes chapter 447.403 and 447.405, it shall be deemed to be in the public interest including the interest of the employees involved for the commission of the City of West Palm Beach to accept the recommended decision of the Special Master, and such recommended decision shall be accepted unless there was not competent substantial evidence to support that recommended decision, provided; however, if the Firefighter employees strike in violation of state law to coerce acceptance of the recommended decision, this provision shall not be applicable. In the event there is any disagreement concerning this provision, the matter shall be resolved by application of either party to the Circuit Court of the Fifteenth Judicial Circuit in and for the State of Florida."