## COMMITTEE FOR BETTER GOVERNMENT FOR MIAMI BEACH v THE MIAMI BEACH CITY COMMISSION, etc.

### Case No. 85-29704

Eleventh Judicial Circuit, Dade County

August 13, 1985

### APPEARANCES OF COUNSEL

**David M. Peckins** for petitioners.

**Arnold M. Weiner,** City Attorney, City of Miami Beach, for respondent.

**Arthur J. England, Jr., Fine Jacobson Schwartz Nash Block & England, P.A.,** special counsel for respondent.

## OPINION OF THE COURT

EDWARD N. MOORE, Circuit Judge.

### Order on Objection to Voluntary Dismissal

This matter came before the court on petitioner's Notice of Voluntary Dismissal and respondent's Objection to Dismissal. The court has reviewed the pleadings and has heard the arguments of counsel. Being fully informed in the premises, the court declines to accept petitioner's voluntary dismissal.

Accordingly, it is ordered that respondent's object to petitioner's voluntary dismissal is granted, and petitioner's request to dismiss this proceeding voluntarily is denied.

Signed: August 13, 1985.

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND DISMISSING CAUSE

This cause came on to be heard before the Court on Tuesday, August 13, 1985, pursuant to this Court's scheduling of a hearing on Petitioner's Writ of Mandamus, and the Court having heard argument of counsel for the respective parties and being otherwise fully advised in the premises, the Court finds as follows:

1. Petitioner, Committee for Better Government for Miami Beach, filed a Petition for Writ of Mandamus asking the Court to compel Respondent, Miami Beach City Commission, to place on its November 5, 1985 general election ballot a question amending the Miami Beach City Charter changing the Commission-City Manager form of government to a full-time, strong mayor form of government; Petitioner based its claim upon an initiatve petition, setting forth said question, which petition had been verified and certified by the Dade County Elections Department. On its face the initiative petition mandated that the first election for the proposed strong mayor form of government should be held on November 5, 1985. November 5, 1985 would also be the effective date of the proposal, if passed.

The Writ Petition alleged that since section 5.03 of the Dade County Charter mandated placement of the question on the next general election ballot of November 5, 1985, and since the City Commission refused to place the amendment before the electors of the municipality, it thus failed to comply with the provisions of the County's Charter.

2. An Order to Show Cause and Expedite Proceeding was issued and a response timely filed by Respondent.

3. The Court finds that the petition must by its unalterable terms be

placed upon the same ballot as the mayoral/commission election. The foregoing condition would lead to vote and candidate confusion and uncertainty with respect to the nature of the offices sought by the candidates and voted upon by the electorate.

## CONCLUSIONS OF LAW

4. Under § 5.03A of the Dade County Home Rule Charter, the Miami Beach City Commission has a responsibility to submit to its electors an initiative question when presented with a properly presented initiative petition. The City Commission however rightfully rejected for placement on its November 5, 1985 municipal ballot the strong mayor initiative question since the Commission in good faith questioned the constitutionality of the proposal in its entirety and on its face. *Dade County v. Dade County League of Municipalities*, 104 So.2d 512 (Fla. 1958); *West Palm Beach Association of Firefighters Local 727 v. Board of City Commissioners*, 448 So.2d 1212 (Fla. 4th DCA 1984).

5. The subject initiative petition is unconstitutional since its content would result in confusion to both voters and mayoral candidates in Miami Beach. In an election a voter should not be misled and must have the opportunity to know and be on notice as to the proposition on which he is to cast his vote. See, *Buckley v. Valeo*, 424 U.S. 1 (1976).

## JUDGMENT

After full consideration, it is:

ORDERED and ADJUDGED that the Petition for Writ of Mandamus is denied and this cause is dismissed with prejudice.

DONE and ORDERED in Chambers at Miami, Dade County, this 21st day of August, 1985.