Mr. William G. Wetzel, Jr. City Attorney City of Hialeah 501 Palm Avenue Hialeah, Florida 33010 Attention: Mr. Richard W. Gross Deputy City Attorney
Dear Mr. Wetzel:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY APPROVE THE VOLUNTARY USE OF VACATION OR OTHER EARNED LEAVE TIME WITH PAY BY AN EMPLOYEE WHO IS ASSIGNED TO DUTY FUNCTIONS OF A MILITARY CHARACTER FOR PERIODS OF TIME ADDITIONAL TO OR LONGER THAN 17 WORKING DAYS IN ANY ONE ANNUAL PERIOD?
You have specifically inquired as to whether s. 115.07(2), F.S., operates to preclude a policy of the City of Hialeah which permits municipal employees assigned to duty functions of a military character to choose, at their option, to use vacation or other earned leave time with pay, rather than administrative leave without pay, for absences from employment for such military purposes in excess of 17 working days in any one annual period.
Section 115.07, F.S. 1983, was amended by s. 2 of Ch. 85-279, Laws of Florida, so as to create a new subsection (2) from existent and amended language as follows:
 (2) ; however, Leaves of absence granted as a matter of legal right under the provisions of this section shall not exceed 17 working days in any one annual period. Administrative leaves of absence for additional or longer periods of time without pay for assignment to duty with civilian conservation corps units or other functions of a military character shall be without pay and shall may be granted by in the discretion of the employing or appointing authority of any state, county, municipal, or political subdivision employee and when so granted shall be without loss of time or efficiency rating have the force and effect of other leaves of absence authorized by this section. [words in struck through type are deletions from existing law; words underlined are additions.]
 To the extent that s. 115.07(2) does not expressly grant to the employing or appointing authority of a municipal employee any discretion with respect to leaves of absence or provide that local alternatives to its application and operation are authorized, your inquiry essentially expresses concern that the above-stated policy of the City of Hialeah may be in conflict with the terms of the statute. See, City of Casselberry v. Orange County Police Benevolent Association, Case No. 66,155 (Fla., filed Jan. 9, 1986); Board of Trustees of City of Dunedin Municipal Firefighters Retirement System v. Dulje, 453 So.2d 177 (2 D.C.A. Fla., 1984); West Palm Beach Association of Firefighters, Local Union 727 v. Board of City Commissioners of City of West Palm Beach, 448 So.2d 1212 (4 D.C.A. Fla., 1984); City of Venice v. Valente, 429 So.2d 1241 (2 D.C.A. Fla., 1983); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), pet. for rev. den'd., 408 So.2d 1092 (Fla. 1981) (statewide statute prevails over conflicting municipal action). See also, Rinzler v. Carson, 262 So.2d 661 (Fla. 1972) (municipality may not authorize what Legislature has expressly forbidden); and cf., application of this principle to conflict between a statute and an ordinance in City of Miami Beach v. Rocio Corp., supra (principle that municipal ordinance is inferior to state law and must fail in the event of conflict remains undisturbed under municipal home rule).
 From an examination of the legislative history of Ch. 85-279, Laws of Florida, it appears that the Legislature intended by its amendment of s. 115.07, F.S., to bring Florida statutory law into compliance with federal requirements. See, Peel v. Florida Department of Transportation, 443 F. Supp. 451
(N.D.Fla., 1977), aff'd., 600 F.2d 1070 (5th Cir. 1979), holding that 38 U.S.C. § 2024(d) required the granting of a leave of absence on request by a state employee for certain duty functions of a military character and that s. 115.07, F.S. 1975, was displaced by federal law to the extent that the state statute purported to vest discretion to deny a request for leave in the employing or appointing authorities of the enumerated employees. This intent is clearly documented by the Staff Analysis of PCB 85-3, House of Representatives Veterans' Affairs Committee (subsequently renumbered as HB 1221 and enacted as Ch. 85-279); by the tape recordings of the hearings of March 6, April 3, and April 9, 1985, of the House Veterans' Affairs Committee; and by a letter from Donald E. Shasteen, Deputy Assistant Secretary for Veterans' Employment and Training, U.S. Department of Labor, to the Honorable Lawrence R. Hawkins, Chairman, Committee on Veterans' Affairs, dated March 28, 1985, and stating specifically as to that portion of the bill which became s. 115.07(2), F.S., that the bill "brings your state law into conformity with the federal [Veteran's Reemployment Rights] law."
 Therefore, this manifest intent to bring state law into conformity with federal requirements as to leaves of absence for duty functions of a military character must be the guiding principle in analyzing the language of s. 115.07(2). See, State v. Webb, 398 So.2d 820 (Fla. 1981); Ervin v. Peninsular Telephone Co., 53 So.2d 647 (Fla. 1951) (legislative intent is polestar which must guide the interpretation and application of statutory provisions, and intent must be given effect even though it may appear to contradict the strict letter of the statute). See also, Drury v. Harding, 461 So.2d 104 (Fla. 1984); Smith v. Ryan, 39 So.2d 281 (Fla. 1949); State ex rel. Hughes v. Wentworth, 185 So. 357 (Fla. 1938) (primary purpose designated in a statute should determine the force and effect of the words used therein, and no literal interpretation should be given that leads to an unreasonable conclusion or a purpose clearly at variance with legislative intent). And see, s. 1 of Ch. 85-279, Laws of Florida, providing as follows:
 It is the intent of the Legislature that the state, and the several counties of the state, its municipalities and political subdivisions, shall grant leaves of absence for active or inactive training to all employees who are members of the United States Reserve Forces or the National Guard, to insure the state and national security at all times through a strong armed force of qualified and mobilization-ready personnel. (e.s.)
Moreover, the federal Veterans' Reemployment Rights Act, at U.S.C. § 2021(b)(3), provides in pertinent part that "[a]ny person who holds a position [inter alia, in the employ of a State or a political subdivision thereof] shall not be denied . . . any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces." It would appear that an employee's right to request approval of the voluntary use of vacation or other earned leave time at any time and for any purpose pursuant to civil service rules or regulations applicable to the employee and his employing or appointing authority is an "incident or advantage of employment" such that denial of that right would contravene the provisions of 38 U.S.C. § 2021(b)(3). See, Peel v. Florida Department of Transportation, supra, holding that the Veterans' Reemployment Rights Act displaces state law which conflicts with rights guaranteed under the Act. And see, Schultz v. State,361 So.2d 416 (Fla. 1978); Department of Legal Affairs v. Rogers,329 So.2d 257 (Fla. 1976) (statutory construction which will give effect to statute should be preferred over another construction which will defeat it). Cf., State v. Goodson, 403 So.2d 1337
(Fla. 1981); S.R. v. State, 346 So.2d 1018 (Fla. 1977) (interpretation of statutory use of "shall" dependent on context in which found and intent of Legislature as expressed in statute). See generally, Annot., 51 A.L.R.Fed 893 ("incidents or advantages of employment" under 38 U.S.C. § 2021[b][3].
Accordingly, it appears that s. 115.07(2), F.S., contemplates that an employee who is assigned to duty functions of a military character for periods of time additional to or longer than 17 working days in any one annual period shall be granted administrative leave without pay. However, it is my opinion that s. 115.07(2) does not affect an employee's right to request approval by the employing or appointing authority for the voluntary use of vacation or other earned leave time with pay pursuant to applicable civil service rules and regulations for such periods of time. As so viewed, I perceive no conflict between the policy of the City of Hialeah described herein and s.115.07(2), or between s. 115.07(2) and 38 U.S.C. § 2021(b)(3).
Therefore, unless and until legislatively clarified or judicially determined otherwise, I am of the opinion that a municipality may approve the voluntary use of vacation or other earned leave time with pay by an employee who is assigned to duty functions of a military character for periods of time additional to or longer than 17 working days in any one annual period. However, in the absence of the affected employee's voluntary request for and the employing or appointing authority's approval of such leave, a municipality shall grant administrative leave without pay for such periods of time.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General