BOYER, Acting Chief Judge.
DOT appeals an administrative order invalidating Fla.Admin.Code Rule 14-10.06 on the grounds that the proposed rule was not filed with the Department of State within 45 days after publication in the Florida Administrative Weekly, in violation of Section 120.54(ll)(b), Fla.Stat. (Supp.1976). DOT argues here, as it did before the hearing officer, that violations of the time frames provided for in Section 120.54 do not require invalidation unless the agency’s action impairs the fairness of the proceeding or the correctness of the action, relying on Section 120.68(8), Fla.Stat. (Supp.1976). Appellee argued to the hearing officer, and now here, that the mandatory language of Section 120.54(ll)(b) requires invalidation of the rule if there is not strict compliance with the time frames.
We conclude that the time period prescribed by the statute is mandatory, but we will measure the effect of its violation by the provisions of Section 120.68(8). G & B of Jacksonville, Inc. v. State, Dept. of Business Regulation, Div. of Beverage, 362 So.2d 951 (Fla.lst DCA 1978). (See also City of Panama City, Florida v. Florida Public Employees Relations Commission, 364 So.2d 109 (Fla.lst DCA 1978.) Although an examination of the record in this case does not reveal that the fairness of the proceedings nor the correctness of the action taken have been impaired by the delay, it appears that appellee was not afforded an opportunity to demonstrate prejudice. Accordingly, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.
MILLS and BOOTH, JJ., concur.