PER CURIAM.
This is an appeal from an administrative order of the Comptroller denying World Bank’s application for a bank charter. On appeal, the appellants assert that the Comptroller’s failure to approve or deny their application within 180 days after receipt thereof results in approval of the application subject to the satisfactory completion of statutory requirements.
The organizers are foreign nationals who, on March 11, 1980, filed an application to *542 organize a state chartered bank. The Department of Banking and Finance duly published notice of receipt of the application. The Department of Banking and Finance timely requested a hearing, and it was joined by The World Bank in Washington, D.C., which reserved its right to a hearing if the applicants refused to change the proposed bank name. During this period the Department requested additional information and the applicants responded. Ultimately, no administrative hearing was held in light of the Department’s continuing investigation and the applicants’ submission of alternative names. On January 16, 1981, the World Bank of Washington withdrew its hearing request, and on April 24 the Department withdrew its request. On April 30, DOAH advised the assistant general counsel of the Office of the Comptroller that it was closing its file on the matter in light of the withdrawal of the request for public hearing. The Comptroller on this date entered his order denying the application.
In a licensing proceeding involving foreign nationals, Section 120.60(4)(c), Florida Statutes, is controlling and provides as follows:
(c) Notwithstanding subsection (2), every application for license for a new bank, new trust company, new credit union, or new savings and loan association, and every application for acquisition of majority control of a bank, trust company, or savings and loan association involving a foreign national, shall be approved or denied within 180 days after receipt of the original application or receipt of the timely requested additional information or correction of errors or omissions. Any application for such a license or for acquisition of such control not approved or denied within the 180-day period or within 30 days after conclusion of a public hearing on the application, whichever is the latest, shall be deemed approved subject to the satisfactory completion of conditions required by statute as a prerequisite to license and approval of insurance of accounts for a new bank, a new savings and loan association, or a new credit union by the appropriate insurer.
The appellees conceded in oral argument that the 180-day period in which the Comptroller must act on an application began to run on July 24, 1980. This concession is consistent with a letter dated August 22, 1980 from the Comptroller’s office notifying the applicants that requested information had been received on July 24, 1980, and the application was considered complete for further processing. In addition, an interoffice memo under the letterhead of Gerald A. Lewis, Comptroller of Florida, noted:
The application was deemed to be complete on July 24, 1980, consequently the 180-day time frame would expire on January 20, 1981.
It appears therefore that even by its own computation the Department did not comply with the 180-day statutory mandate.
The appellees’ fallback position is that a hearing was pending, and if it had been held the Department would have had 30 days after the conclusion of the hearing to approve or disapprove the application. This reasoning ignores Rule 3C-9.04(5), F.A.C., which requires DOAH to conduct a hearing on de novo state bank applications referred by the Department within 150 days of the date of application. The application was received by the Department on March 11, 1980, so a public hearing was required no later than August 9, 1980. The hearing officer may extend the date for good cause, but in this instance there was no request for an extension and none was granted.
We reject the appellees’ argument that the applicants, by complying with the Department’s request for additional information and agreeing that the matter was not ripe for public hearing, waived the rule or tolled the running of the 150 days. Our attention has not been directed to any rule or statute that would accomplish this result, and the Department has not provided by rule for such waiver or tolling of the applicable time limitations. If Section 120.-60(4)(c) is to have any meaning, the application for the bank charter must be deemed approved in this instance. We, therefore, *543 reverse the Comptroller’s order and direct that the application for a charter be deemed approved, subject to satisfactory completion of statutory requirements.
We need not reach the question of sufficiency and propriety of evidence relied upon for denying the application since that denial is hereby reversed.
SHAW and THOMPSON, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.