PER CURIAM.
Appellants, a proposed bank and its organizers, appeal a March 26, 1982, order of the Department of Banking and Finance (Department) entered subsequent to this *78 Court’s opinion of November 17, 1981, World Bank v. Lewis, 406 So.2d 541 (Fla. 1st DCA 1981).[1]
The events surrounding appellants’ application are described in our earlier opinion. In essence, appellants, among whom are foreign nationals, applied for a license to organize a bank on July 24, 1980. Section 120.60(4)(c), Florida Statutes (1979), is pertinent and reads as follows:
(c) Notwithstanding subsection (2), every application for license for a new bank, new trust company, new credit union, or new savings and loan association, and every application for acquisition of majority control of a bank, trust company, or savings and loan association involving a foreign national, shall be approved or denied within 180 days after receipt of the original application or receipt of the timely requested additional information or correction of errors or omissions. Any application for such a license or for acquisition of such control not approved or denied within the 180-day period or within 30 days after conclusion of a public hearing on the application, whichever is the latest, shall be deemed approved subject to the satisfactory completion of conditions required by statute as a prerequisite to license and approval of insurance of accounts for a new bank, a new savings and loan association, or a new credit union by the appropriate insurer.
Our November 17 World Bank opinion held that, as a result of the Department’s inaction, the pending application was deemed approved by operation of the statute; the sufficiency of evidence supplied by the applicants was not a consideration. The practical effect of the opinion was to direct the Comptroller to approve World Bank’s application as it existed at the end of the 180-day period.
Our opinion notwithstanding, the Department issued its March 26 order placing certain conditions upon approval of the application,[2] the most objectionable of which was the requirement that the assets must be increased from the proposed two million dollars to over eight million dollars. We do *79 not question the good faith of the Department in seeking to impose such a requirement, but this is now a moot issue; Departmental discretion in the matter is foreclosed. The application having been approved by default, the imposition of such a condition subsequent to default approval is impermissible. To hold otherwise would eviscerate the 180-day requirement of section 120.60(4)(c).
We recognize that there are cases holding that an agency’s violation of mandatory statutory timeliness provisions does not necessarily require a reversal of the agency action.[3] They are not analogous to the present case in that the statutes construed in those cases require action on the part of an agency within a certain period of time, but do not specify the consequences of a violation. In the statute we construe, the legislature has made its intent as to the consequence of a violation abundantly clear: the application “shall be deemed approved .... ” Approval by default has the effect of placing the applicants in the same position they would have enjoyed had the Department granted approval on the merits within the 180-day period.
In support of its March 17 order requiring increased capitalization, the Department argues that international banking is an area of inherently higher risk. The proposed bank would have to compete with internationally expert and highly capitalized financial institutions, and there is an excessively competitive situation for financial institutions generally in appellants’ primary service area. The Department may be correct in this assessment. Nevertheless, the time for taking action based upon these apprehensions is during the 180-day period specified in section 120.60(4)(c). Where the Department fails to take such action, as in this instance, the application is deemed approved. Our November 17 opinion should have made it clear that the approval is of the pending application. The Department may not technically approve an application and subsequently place insurmountable obstacles before the applicants which would keep the technical approval from having any practical relevance.
The order of the Comptroller dated March 26, 1982, is reversed insofar as it attempts to increase the applicants’ capitalization requirement beyond that proposed in the application and insofar as it attempts to change the name of the proposed bank from American International Bank to American Guaranty Bank. The application is deemed approved, and the applicants are now subject to the usual statutory requirements which are imposed between application approval and granting of a charter.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
SHAW, THOMPSON and WIGGINTON, JJ., concur.

. Appellants also filed a motion to enforce the mandate of World Bank. The result appellants seek by the two actions is the same, and we dispose of the issue under the posture of the appeal, the more appropriate procedure.

. The effect of the order was to give conditional approval of the application. It granted authority to organize and operate a bank subject to certain conditions, only some of which are proper in that they are prospective and applicable to all application approvals. The conditions, in their entirety, are as follows:
(1) Approval of insurance deposits by the Federal Deposit Insurance Corporation or approval for membership in the Federal Reserve System.
(2) The Board of Directors shall be composed of those members proposed in the application, plus, at least one director who shall not be the chief executive officer, who has previous direct banking experience. Any changes in the composition of the Board of Directors shall be submitted to the Department for approval.
(3) The Chief Executive Officer and Operations Officer must be submitted to the Department for approval, so that they can be approved at least 60 days prior to the bank’s opening.
(4) The initial capital shall not be less than $8.6 million dollars to be allocated according to the Applicant’s discretion, and where such allocation will be approved by the Department.
(5) Investment in fixed assets shall meet the statutory requirements of the Department of Banking and Finance. All leases and leasehold improvements shall be submitted to the Department of Banking and Finance for review prior to their execution or purchase.
(6) The Articles of Incorporation shall be filed with the Secretary of State within six months after approval by the Board of Governors of the Federal Reserve System or approval by the Federal Deposit Insurance Corporation.
(7) The bank shall open within six months after filing of the Articles of Incorporation with the Secretary of State. This requirement may be subject to one six-month extension upon written request to this office.
(8) At least 21 days prior to its intended opening date the banking corporation shall file with the Department a statement complying with Section 658.25(2), Florida Statutes.
(9) In light of the Mandate by the First District Court of Appeal to approve the application, the Department feels that American Guaranty Bank is the least confusing of the Appellant’s three proposed names. The proposed bank shall use the name American Guaranty Bank.
(10) Until the conditions herein specified and other reasonable requirements of the Depart *79 ment of Banking and Finance are met, or if any interim development is deemed by the Comptroller to warrant such action, the Comptroller shall have the right to alter, suspend or withdraw this ORDER.

. See G & B of Jacksonville, Inc. v. State, 362 So.2d 951 (Fla. 1st DCA 1978) (consequence of a violation of requirement of section 120.59, Florida Statutes, that the final order in a proceeding which affects substantial interests shall be rendered within ninety days after a recommended order is submitted to the agency and mailed to all parties, should be measured by the provisions of section 120.68(8) and will depend upon whether the fairness of the proceedings or the correctness of the action taken is found to have been impaired); Fla. Dep’t of Transp. v. Foster and Kleiser, Inc., 365 So.2d 224 (Fla. 1st DCA 1978) (violation of requirement of section 120.54(1 l)(b), Florida Statutes, that a proposed rule must be filed with the Department of State within forty-five days after publication in the Florida Administrative Weekly, measured by section 120.68(8), did not reveal that the fairness of the proceedings or the correctness of the action taken were impaired by the delay. Reversed because the appellee was not given an opportunity to demonstrate prejudice); contra Hyman v. State, 399 So.2d 1098 (Fla. 3d DCA 1981) (violation of section 120.59 mandatory ninety-day requirement “per se renders unenforceable an agency order in a proceeding in which the agency is the protagonist ... . ” Opinion found the issue controlled by section 120.68(9) rather than section 120.68(8)); Cour-telis Co. v. Dep’t of Transp., 415 So.2d 826 (Fla. 3d DCA 1982) (violation of ninety-day requirement of section 120.59(l)(b) treated as in Hy-man).