LARRY G. SMITH, Judge.
Lin appeals from a final order of the Board of Psychological Examiners denying his application for licensure as a psychologist by endorsement under Section 490.-006(1), Florida Statutes. His sole contention is that issuance of a license by the Board is mandatorily required under Section 120.60, because the Board’s final action in denying a license, after a formal hearing requested by appellant, was not rendered within the 90-day time limit of Section 120.60(2). We affirm.
The chronology of events which led to this proceeding commenced with Lin’s application for a license filed August 13, 1982. On November 4, 1982, the Board notified Lin that his application would be denied, and informed him of his right to request a hearing pursuant to Section 120.-57, Florida Statutes, within 21 days of the denial. Lin requested a hearing, which was held on February 25, 1983. The Board’s final order denying the license was dated March 18, 1983, filed April 15, 1983. This appeal ensued.
Section 120.60(2) provides for a 90-day time frame within which after receipt of an application for a license, the agency shall examine the application, notify the applicant of any errors or omissions, request any additional information required by the agency, and either approve or deny the license. Appellant focuses upon the further provisions of Section 120.60(2) which provide that every application for license “shall be approved or denied within 90 days after receipt of the original application or receipt of the timely requested additional information .... ” It further provides that the 90-day or shorter period “shall be tolled” by the initiation of a proceeding under Section 120.57, and shall resume “10 days after the recommended order is submitted to the agency and the parties.” Further, the statute provides that any application for a license “not approved or denied within the 90-day or shorter time *1107 period, within 15 days after conclusion of a public hearing held on the application, or within 45 days after the recommended order is submitted to the agency and the parties, whichever is latest, shall be deemed approved ...,” subject to further provisions relating to completion of any examination required, not pertinent here.
We agree with that portion of appellant’s argument that Section 120.60(2) contains no provision for the tolling of the 90-day period when a hearing under Section 120.57 is conducted by the agency, rather than by a hearing officer or other authorized officer. We disagree, however, with appellant’s conclusion that the wording and intent of the statute is that the agency is thus committed to a 90-day period within which to examine the application, request any further information, hold a hearing if necessary, and render a final order. Appellant’s only explanation for this interpretation is that if the agency retains total control of the application, it should be held responsible for the statutorily mandated time limit of 90 days, but that the 90-day period may be tolled, and allowance made for an administrative hearing when the matter is referred for hearing outside the agency.
Appellant’s interpretation may be one, but it is not the only interpretation of Section 120.60(2) that may be made, and we think it is not the most reasonable nor logical. Fundamentally, appellant’s view ignores the distinction between a “denial” under Section 120.60, and a “final order” under Section 120.59. The terms are not— insofar as an analysis of the interplay between Sections 120.60 and 120.59 is concerned — synonymous and interchangeable. A more rational and unquestionably a more workable interpretation of the 90-day provision is that it is complied with, as in this case, when the agency notifies the applicant of its intent to deny the license within the 90-day period. The Board here completed the statutorily mandated examination and processing of the application, and rendered its notice of intention to deny within the 90-day period. At the same time it properly notified appellant of his right to prevent the denial from becoming final by invoking the hearing provisions of Section 120.57. Once appellant availed himself of the right to a hearing, the provisions of the Administrative Procedures Act governing hearings, which are not found in Section 120.60, became applicable. Since no special time constraints are provided for entry of a final order by the agency, after a hearing, so far as Section 120.60 is concerned, we must look elsewhere in the statutes governing hearings, to find what time limits are placed upon the agency. We conclude that Section 120.59(l)(a), providing that a final order shall be entered within 90 days after the hearing if conducted by the agency, governs the Board’s actions in this case. This interpretation allows both statutes to be fully operative in their given spheres, and avoids the incongruous and irrational results that would be produced by appellant’s interpretation. Appellant offers no rational basis for his argument that the entire licensing process, including a formal hearing, if one is held by the agency, must be compressed into a 90-day period, whereas, if the matter is referred outside the agency for hearing, ample time is allowed for the scheduling of a hearing, notification of the parties, conduct of the hearing, consideration of the issues of law and fact, and the rendition of an appropriately detailed order approving or denying the application. The other interpretation, urged by the Board, and which we accept, appears to us to accomplish the objectives stated in the law itself, which provides that “the agency shall conduct the proceedings required with reasonable dispatch and with due regard to the rights and privileges of all affected parties or aggrieved persons.” Section 120.60(2). We have considered the cases cited by appellant, viz, State, Department of Business Regulation v. Hyman, 417 So.2d 671 (Fla.1982); World Bank v. Lewis, 406 So.2d 541 (Fla. 1st DCA 1981); G & B of Jacksonville, Inc. v. State, Department of Business Regulation, 362 So.2d 951 (Fla. 1st DCA 1978), and conclude that they do not dictate a contrary result.
AFFIRMED.
WIGGINTON and NIMMONS, JJ., concur.