SMITH, Judge.
Sumner appeals an order of the Board of Psychological Examiners (Board) determining that her application for certification to take the licensure examination should be denied and is not subject to the “deemer” provision under section 120.60(2), Florida Statutes (1987). We affirm.
On April 6, 1988, Sumner filed her application to take the psychologists’ licensure examination. At a meeting on May 25, 1988, the Board voted to deny Sumner’s application because her degree program and prelicensure experience did not comply with the statutory licensing requirements. On June 14, 1988, Sumner telephoned the Board’s office to inquire about her application and was informed that her application had been denied, and that a notice of denial would be forthcoming. On July 5, 1988, ninety days after Sumner filed her application, the Board’s order denying the application was signed. The Board’s order was not filed until July 7th. The parties stipulated to the fact that during this period, the clerk’s office of the Department of Professional Regulation was in the process of moving. The Board’s order, without appropriate postage, was mailed to Sumner, but Sumner refused delivery, declining to pay the postage due.
Subsequently, Sumner’s brother received a copy of the Board’s order from the Board office and on July 22, 1988, Sumner timely filed a petition challenging the Board’s order denying her application. Sumner’s sole argument in her petition and in the hearing was that her application to take the licen-sure examination was deemed approved by operation of law by virtue of the “deemer” provision of section 120.60(2), Florida Statutes.[1] Sumner waived any argument that her degree program and prelicensure experience complied with the licensing requirements, and the facts as above recited were stipulated by the parties.
After an informal administrative hearing, the Board entered an order concluding that its action on May 25, 1988, when it voted to deny Sumner’s application, fulfilled its statutory obligation under section 120.60(2) to approve or deny the application *921 within ninety days. The Board reasoned that although section 120.60(3) requires written notice of the decision to grant or deny, the deemer provision in section 120.-60(2) does not incorporate the requirement of written notice, and thus there was no requirement that Sumner receive written notice of the decision to deny within ninety days.
On appeal, Sumner disputes the Board’s conclusion that its mere act of voting to deny her application on May 25, 1988, was sufficient to satisfy the deemer provision of section 120.60(2). Citing and relying on Lin v. Department of Professional Regulation, Board of Psychological Examiners, 444 So.2d 1105 (Fla. 1st DCA 1984), Sumner contends that this court has stated that the agency must notify the applicant of its intent to deny within the ninety day period set forth in section 120.60(2), and that the notice requirement is complied with when the agency renders its notice of intent to deny, apprising the applicant of the grounds for denial and of its right to a section 120.57 proceeding. Since the Board did not file its notice of intent to deny until July 7, 1988, ninety-two days after receipt of Sumner’s application, Sumner argues that this court’s Lin decision compels the conclusion that the Board did not complete its statutory responsibilities within the ninety day period. We reach a different conclusion.
We agree with the Board that the deem-er provision of section 120.60(2) does not incorporate the written notice requirements of section 120.60(3) so that the Board was required to file its written notice of intent to deny within ninety days after receipt of Sumner's application. If the legislature had intended to specifically require written notice within ninety days, it would have been a simple matter to have inserted the limitation in the statute. See American Bankers Life Assurance Company of Florida v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). Sumner’s reliance on Lin to support a contrary result is misplaced. In Lin, this court was faced with the question of whether section 120.60(2) required that the administrative hearing be held and a final order rendered within the ninety day period. Lin held that the more logical and reasonable interpretation of the ninety day provision is that it is complied with when the agency notifies the applicant of its intent to deny the license within the ninety day period. Id. at 1107. In this case, Sumner was notified within the ninety day period, albeit orally, of the Board’s intent to deny. In dictum, the Lin court noted that the Board had rendered[2] its notice of intention to deny within the ninety day period, but rendition of the notice within 90 days was not required by the court’s holding. It applies equally, that if the legislature had intended to require the agency order to be “rendered” in ninety days, it could have easily inserted that requirement into section 120.60(2). American Bankers Life Assurance Company of Florida v. Williams, supra.
An additional reason not to extend the application of Lin, as urged by appellant, is found in the fact that subsequent to the decision in Lin, the legislature amended section 120.60 by creating a new subsection (3), requiring written notice that the agency intends to grant or deny, or has granted or denied, the application for license, thereby insuring the applicant a point of entry to request an administrative hearing. The legislature left the “deemer” provision of section 120.60(2) intact. We agree with the Board that this strengthens the interpretation that the deemer provision does not incorporate the written notice requirement of section 120.60(3), because rather than adding the notice requirement to section 120.60(2), the legislature set it apart in a separate subsection containing no deemer language.
The object of section 120.60(2) is to conduct the proceedings required with reasonable dispatch and with due regard to the rights and privileges of all affected parties or aggrieved persons. This was accomplished in this case as Sumner’s application was acted upon within 90 days, she was *922 orally notified of the Board’s decision within ninety days, she was promptly provided with a clear point of entry to request an administrative hearing, and in fact she timely petitioned for her administrative hearing. Construing section 120.60(2) as having been met in this case when the Board acted on Sumner’s application will most effectively meet the beneficial end contemplated by the legislature, will promote justice and will avoid harsh results. 49 Fla.Jur.2d, Statutes, § 187 (1984). The failure of the Board to provide Sumner with written notice or to “render” its order within ninety days did not effect her substantial rights or violate any notions of due process.
AFFIRMED.
THOMPSON and MINER, JJ., concur.

. The statute at issue in this case, section 120.-60(2), (3) provides, in pertinent part:
(2) When an application for a license is made as required by law, the agency shall conduct the proceedings required with reasonable dispatch and with due regard to the rights and privileges of all affected parties or aggrieved persons.... Every application for license shall be approved or denied within 90 days after receipt of the original application. ... Any application for a license which is not approved or denied within the 90-day or shorter time period, ... shall be deemed approved; and, subject to the satisfactory completion of an examination, if required as a prerequisite to licensure, the license shall be issued....
(3) Each applicant shall be given written notice either personally or by mail that the agency intends to grant or deny, or has granted or denied, the application for license.... Each notice shall inform the recipient of any administrative hearing or judicial review which may be available to him, shall indicate the procedure which must be followed, and shall state the applicable time limits. The issuing agency shall certify that the notice was given. The certification shall show the time and date the notice was mailed or delivered and shall be filed with the agency clerk, (emphasis supplied).

. "Rendition" of an order has an accepted legal meaning and usually refers to the filing of a signed, written order with the clerk. See Rule 9.020(g), Fla.R.App.P.