PARKER, Judge.
The State of Florida, Department of Transportation (DOT) appeals a final order entered by the trial court in favor of Calu-sa Trace Development Corporation (Calu-sa), granting Calusa’s motion for final summary judgment and issuing a writ of mandamus commanding the DOT to grant a permit within fifteen days approving Calu-sa’s application for connection to the state highway system. The issue we must resolve is:
Does section 120.60(2),[1] Florida Statutes (1989) require the DOT to grant or deny a connection permit application in writing within ninety days after receipt of that application; otherwise, the application is deemed approved.
We find that a written denial is not necessary under this section and reverse.
Calusa is the owner of over 500 acres of real property located in unincorporated Hillsborough County near the intersection of Dale Mabry Highway and Van Dyke Road. Dale Mabry Highway is part of the state highway system. Calusa purchased the property in 1985 intending to develop a mixed use office, commercial and residential development, on 30.8 acres which abuts both Dale Mabry Highway and Van Dyke Road. Included in Calusa’s plans was an access point to Dale Mabry Highway along the southern portion of the property. The proposed access connection was to be located 660 feet north of Van Dyke Road.
On or about March 3, 1989, the DOT sent Calusa a letter advising that Calusa’s proposed driveway and partial median cut would be acceptable. On March 24, 1989, Calusa filed a driveway connection permit *545 application for the proposed access referred to in the DOT’s March 3rd letter. When the DOT did not act on the application, Calusa’s project manager, Joseph E. Rossick, Jr., and traffic engineer, Ted Lincks, met with the District Secretary for District Seven of the DOT encompassing Hillsborough County, James G. Kennedy, on June 1,1989, regarding Calusa’s application. Mr. Rossick stated.in his affidavit that Kennedy told Rossick and Lincks that the application would not be approved unless and until Calusa Trace “cooperated” with [the] Tampa-Hillsborough Expressway Authority in regard to its reservation of a portion of Calusa’s property for future use as a right-of-way for the Northwest Expressway, which is proposed to be located through the middle of the property. Mr. Kennedy further advised Rossick and Lincks that the application would not be approved unless and until Calusa complied with various demands set forth in an October 10, 1986 letter from Mr. Kennedy to Calusa, including a demand that Calusa design and construct improvements to Dale Mabry Highway at its own expense. Additionally, the affidavits of Lincks and Calu-sa’s attorney, David Smolker, a letter from Smolker to the DOT dated June 21, 1989, and Calusa’s motion for summary judgment all indicate that at the June 1, 1989 meeting, Mr. Kennedy verbally informed Calusa’s representatives that the DOT would not grant the connection permit application.
After expiration of the ninety-day period from the date of the application by the DOT, the DOT sent Calusa’s attorneys a letter renewing its demands and stating that: “The DEPARTMENT considers this matter unresolvable. I am ready to proceed with the agreements once the issues noted above are resolved to our satisfaction.”
Calusa filed a mandamus action in the circuit court seeking to compel issuance of the driveway connection permit for failure of the DOT to approve or deny the application within ninety days of the DOT’s receipt of the application as required under section 120.60(2). In response, the DOT filed a motion to dismiss the mandamus action on grounds, among others, that Ca-lusa failed to exhaust its administrative remedies pursuant to section 120.57, Florida Statutes (1989), which provides for formal and informal proceedings to resolve disputed issues of material fact between a state agency and party where the substantial interests of a party are determined by the agency. The trial court denied the motion. Both the DOT and Calusa filed motions for summary judgment with supporting affidavits. At the conclusion of the hearing on Calusa’s motion for final summary judgment, the trial court stated that it would grant Calusa’s motion for summary judgment due to the DOT’s “failure to respond to the application in writing” and because “the Department (DOT) slept on its rights to deny.” Thereafter, the trial court entered a final preemptory writ of mandamus commanding the DOT to issue a permit for Calusa’s proposed driveway connection. The writ contained the following findings and conclusions:
The pleadings, together with the affidavits filed herein by the parties establish that:
a. Defendants failed to timely approve or deny the Application as required by Sections 335.18 and 120.60(2), Florida Statutes; and
b. As a result of said failure, the Application was deemed approved by operation of Section 120.60(2), Florida Statutes.
There is no dispute in this case that there was no written denial or approval of Calu-sa’s connection permit application within the required ninety days after the DOT received the application. Under the so-called “deemer” provision of section 120.-60(2), Florida Statutes (1989), if there is no approval or denial of the application within the ninety-day period, the application is deemed approved. Adec, Inc. v. Dep’t of Natural Resources, 507 So.2d 1225 (Fla. 5th DCA 1987). That subsection, however, does not expressly demand or even mention that the approval or denial of the application must be in writing to avoid the operation of the “deemer” provision. § 120.60(2), Fla.Stat. (1989).
*546 Nonetheless, Calusa attempts to apply the language contained in section 120.-60(3),[2] Florida Statutes (1989), that specifically requires written notice to each applicant of a denial or granting of an application, to the “deemer” provision of section 120.60(2). The first district in Sumner v. Department of Professional Regulation, 555 So.2d 919 (Fla. 1st DCA 1990) rejected that very argument when it found that notification by telephone to an applicant that her application had been denied within the ninety-day period, although written denial did not occur until after the ninety days had expired, was enough to avoid automatic approval of the application under the “deemer” clause. The Sumner court stated: “If the legislature had intended to specifically require written notice within ninety days, it would have been a simple matter to have inserted the limitation in the statute.” Id. at 921 (citation omitted).
If, as Sumner holds, a verbal denial is sufficient to satisfy the time limitations of section 120.60(2), then the question remains whether Calusa received within the ninety days, at least, oral notice that its application was denied by the DOT. There seems to be some dispute on this issue. Calusa maintains that District Secretary Kennedy’s verbal denial of the application at the parties’ June 1, 1989 meeting was equivocal and inconclusive at best. However, the affidavits and supporting documents presented by both sides below establish conclusively that at the June 1 meeting Kennedy informed Calusa’s representatives that the application, as it stood, would not be approved, because it failed to satisfy conditions for approval set by Kennedy in his October 10, 1986 letter to Calu-sa. The fact that the DOT, through Kennedy, left open the possibility of future approval of such driveway connection permit if all the requirements set forth in the 1986 letter later were met did not alter the DOT’s denial of the application under its present circumstances and Calusa’s knowledge of that denial prior to the expiration of the ninety days.[3]
For the reasons stated, we reverse the order granting summary judgment for Ca-lusa and demanding that the DOT issue a driveway connection permit to Calusa. We remand the case to the trial court with directions that it dismiss Calusa’s petition for a writ of mandamus, without prejudice to Calusa pursuing its available avenue of relief under section 120.57.
Reversed and remanded.
CAMPBELL, A.C.J., and HALL, J., concur.

. In pertinent part, section 120.60(2) states:
[EJvery application for license shall be approved or denied within 90 days after receipt of the original application or receipt of the timely requested additional information or correction of errors or omissions unless a shorter period of time for agency action is provided by law ... Any application for a license which is not approved or denied within the 90-day or shorter time period, within 15 days after conclusion of a public hearing held on the application, or within 45 days after the recommended order is submitted to the agency and the parties, whichever is latest, shall be deemed approved; ...
§ 120.60(2), Fla.Stat. (1989).

. That subsection provides:
(3) Each applicant shall be given written notice either personally or by mail that the agency intends to grant or deny, or has granted or denied, the application for license. Unless waived, a copy of the notice shall be delivered or mailed to each party’s attorney of record and to each person who has requested notice of agency action. Each notice shall inform the recipient of any administrative hearing or judicial review which may be available to him, shall indicate the procedure which must be followed, and shall state the applicable time limits. The issuing agency shall certify that the notice was given. The certification shall show the time and date the notice was mailed or delivered and shall be filed with the agency clerk.
§ 120.60(3), Fla.Stat. (1989).

. Calusa has the right, of which it has already availed itself, to pursue a section 120.57 hearing before the agency concerning the merits of the DOT’s denial of its application and, if not satisfied, to seek judicial review of the agency’s decision on that matter.