586 So.2d 1271 (1991)
Elliott KRAKOW, D.C., and William Womer, D.C., Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF CHIROPRACTIC, Appellee.
No. 91-93.
District Court of Appeal of Florida, First District.
September 30, 1991.
Paul R. Ezatoff of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, P.A., Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Theresa M. Bender, Edwin A. Bayo, Asst. Attys. Gen., Tallahassee, for appellee.
WOLF, Judge.
Elliott Krakow and William Womer appeal a final administrative order of the Department of Professional Regulation, Board of Chiropractic (board) which conditioned issuance of their licenses to practice upon successful completion of portions of the National Chiropractic Board Examination. Appellants assert that they are entitled to issuance of a license by endorsement without conditions in light of the board's failure to timely act upon appellants' requests for licensure. We agree and reverse.
Dr. Krakow and Dr. Womer are practicing chiropractic physicians, licensed in Pennsylvania. Dr. Womer is licensed in four other states as well. Dr. Krakow has been licensed in Pennsylvania for more than five years and is also a licensed chiropractor in more than one state. In March 1989, both doctors applied to the Florida Department of Professional Regulation, Board of Chiropractic, for licensure by endorsement as chiropractors from Pennsylvania, pursuant to section 460.4065, Florida Statutes (Supp. 1988). That statute, which dealt solely with licensure by endorsement, was repealed in 1989, effective July 1, 1989. (See s. 66, ch. 89-162, L.O.F.). Dr. Womer's application was complete on April 24, 1989, and Dr. Krakow's application was complete on April 17, 1989. On July 27, 1989, the Board of Chiropractic notified both doctors of its intent to deny their applications for licensure. The notice was given 94 days after Dr. Womer's application became complete, and 101 days after Dr. Krakow's application became complete.
Both doctors petitioned for a section 120.57(1) hearing to challenge the denial of their applications for licensure by endorsement, arguing that their licenses should have been deemed approved by operation of section 120.60(2), Florida Statutes, which requires the board to approve or deny a license application within 90 days of the date an application is complete. The doctors' complaints were heard before a hearing officer. The hearing officer ruled that *1272 Dr. Krakow and Dr. Womer were entitled to licenses by endorsement because of the board's failure to comply with the 90-day time limit imposed by statute. The hearing officer determined that there was no threat to public health or safety in issuing default licenses to the doctors since they were both licensed to practice in other states. The hearing officer also determined that no examination was required as a prerequisite to licensure by endorsement. The recommended order was entered on August 9, 1990.
A final order was issued by the Board of Chiropractic on January 3, 1991. The final order concluded that the appellants were entitled to default licenses, but rejected the hearing officer's recommendation that the board issue licenses by endorsement with out condition, approving such licensure by endorsement only upon "successful completion of the National Chiropractic Board Examination, Parts I, II, and a Clinical Competency Examination (Part III) within three years from the date of the filing of the final order... ." Appellants challenge that order.
Section 120.60(2), Florida Statutes, states that an application for licensure which is not timely acted upon must be "deemed approved," and that such approval is only subject to the condition of an examination if an examination is required:
Any application for a license which is not approved or denied within the 90-day or shorter time period .. . shall be deemed approved; and, subject to the satisfactory completion of an examination, if required as a prerequisite to licensure, the license shall be issued.
Section 120.60(2), Fla. Stat. (emphasis added). In World Bank v. Lewis, 425 So.2d 77 (Fla. 1st DCA 1982), the appellants who had filed an application for a bank charter, were not notified of approval or denial of the application within the 180-day period required by statute. The applicable statute in that case, comparable to section 120.60(2), which applies in the instant case, requires that any application for license not approved or denied within the 180-day period "shall be deemed approved subject to the satisfactory completion of conditions required by statute as a prerequisite to license." Because of the inaction of the agency in World Bank, the pending application was deemed approved by operation of the statute. World Bank v. Lewis, 406 So.2d 541 (Fla. 1st DCA 1981). The Department of Bank and Finance, however, issued an order placing certain conditions upon the approval of the application. This court held that
[d]epartmental discretion in the matter is foreclosed. The application having been approved by default, the imposition of such a condition subsequent to default approval is impermissible. To hold otherwise would eviscerate the 180-day requirement of section 120.60(4)(c).
World Bank, 425 So.2d at 79. In World Bank, the court stated that the legislative intent is quite clear in providing for deemed approval of an application when the statutory time limit is violated. "Approval by default has the effect of placing the applicants in the same position they would have enjoyed had the Department granted approval on the merits within the 180-day period." Id. at 79.
The statute under which the appellants were seeking licensure in the instant case is section 460.4065, Florida Statutes (Supp. 1988) (repealed effective July 1, 1989, by s. 66, ch. 89-162, L.O.F.). At the time of the appellants' applications for licensure, chapter 460 provided for chiropractic physicians either to be licensed by examination under 460.406, Florida Statutes, or to be licensed by endorsement under 460.4065, Florida Statutes (Supp. 1988). The statutory provision for licensure by endorsement states in pertinent part:
460.4065 Licensure by Endorsement. 
(1) The department shall issue a license by endorsement to any applicant who, upon applying to the department and remitting a fee set by the board, demonstrates to the board that he is of good moral character, is not less than 18 years *1273 of age, is a graduate of a chiropractic college as defined in s. 460.406(1)(c) and:
(a) has held for at least five years an active license to practice chiropractic in another state of the United States, the District of Columbia, or a territory of the United States, provided that the requirements for licensure and the issuing jurisdiction are substantially similar to, equivalent to, or more stringent than the current requirements of this chapter; or
(b) Meets the qualifications of s. 460.406.
The board asserts it may condition appellants' approval because of its discretion to determine when an applicant has qualified for licensure by endorsement. The board argues that it is reasonable to interpret the applicable statute to require an applicant to have come from a state which requires an examination similar to Florida's exam as a prerequisite to licensure. The board, thus, concludes that it had the power to implement this policy by requiring appellants in the instant case to pass a new examination.
While it may have been reasonable for the board to exercise its discretion and implement a policy (either by rule or application of non-rule policy) requiring an applicant for licensure by endorsement to have previously passed a particular licensing exam in another state, this discretion could not be exercised to require these applicants to complete a new examination in Florida.
The board's argument must fail for two reasons. First, the statute itself does not contemplate that applicants for licensure by endorsement will be required to take a new examination. The statute provides alternative prerequisites for licensure, one involving a new exam in Florida and one that allows an applicant to be licensed based on prior experience or achievement. The appellants in this case applied pursuant to the portion of the statute which provided for licensure based on prior experience. While successful completion of a prior test or examination may constitute reasonable criteria for qualifying for licensure by endorsement, a new examination in Florida is not statutorily authorized pursuant to this subsection. More importantly, however, the board's failure to timely act on these applications precludes it from exercising its discretion to determine the applicants' qualifications for licensure by endorsement in this case. See World Bank v. Lewis, 425 So.2d 77 (Fla. 1st DCA 1982). Once the board failed to act in a timely manner, it was precluded from considering the merits of the appellants' application and, in accordance with World Bank, the application must be deemed approved. The board, thus, did not have authority under section 120.60(2), Florida Statutes, to add conditions to appellants' license.[1]
The order of the board is vacated and remanded with directions to issue the licenses by endorsement.
SHIVERS, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] The hearing officer determined that in light of the appellants' previous experience, there was no threat to the public health or safety in issuing the default license. It appears that there is competent substantial evidence to support this factual finding. We specifically decline to address the issue of whether the board could have imposed conditions necessitated for the protection of the public. See Manasota-88 v. Agrico Chemical Co., 576 So.2d 781 (Fla. 2nd DCA 1991).