PATTERSON, Judge.
Donna Johnson appeals from a final order of the Board of Architecture and Interior Design (Board) which denies her application for licensure as a registered interior designer. We reverse the order because the Board failed to approve or deny her application within ninety days as required by section 120.60(2), Florida Statutes (1989).
Johnson seeks licensure without examination under the “grandfather clause” of chapter 88-383, section 21, Laws of Florida, as amended by chapter 89-19, Laws of Florida. She filed her application on October 16,1989, and a Board employee determined that her application was complete as of December 11, 1990. The “Interior Design Committee” of the Board, consisting of one interior designer member of the Board and one architecture member of the Board, reviewed Johnson’s application. Johnson received a letter from the Board’s executive director stating that the “Interior Design Committee” had denied her application. Johnson submitted further evidence of her interior design experience, but the committee again concluded that she did not have the required experience to qualify for a “grandfather license” and denied her application by letter dated August 21, 1991.
Johnson then requested an administrative hearing to challenge the license denial. In an order filed September 24, 1992, the hearing officer recommended denial of Johnson’s application. The Board considered the recommended order and Johnson’s exceptions to the order on November 13, 1992, and voted to adopt the recommended denial. The final *667 order denying Johnson’s application was filed April 28, 1993.
The Board contends that Johnson did not properly raise the issue of whether the Board complied with section 120.60(2). We determine that Johnson sufficiently raised the issue before the appeals referee and the Board. Section 120.60(2) requires an agency to act on a completed application for licen-sure within ninety days. We agree with Johnson that the actions of the “Interior Design Committee” did not constitute agency action by the Board.
The full Board is composed of five architects, two interior designers, and two lay persons. See § 481.205, Fla.Stat. (1989). All official acts of any board must be taken at public meetings. § 286.011(1), Fla.Stat. (1989). Five members of the Board constitute a quorum, “but official action shall not be taken upon any question unless three (3) members vote in accord.” Fla.Admin. Code R. 61G1-11.011. The review of Johnson’s application by members of the “Interior Design Committee” was not taken at a public meeting with at least five Board members present and with at least three members voting in accord; thus, it was not an official action of the Board.
At the time Johnson’s application was pending, nothing authorized an “Interior Design Committee” to grant or deny applications. Although section 481.205(3), Florida Statutes (1989), provides for the appointment of an “interior design advisory body,” the statute does not authorize the advisory body to approve or deny applications. The purpose of the advisory body is to develop recommendations to the Board on issues such as examination, accreditation standards, and continuing education. See § 481.205(3), Fla. Stat. (1989). The full Board failed to approve or deny Johnson’s application within ninety days of December 11, 1990, the date her application was complete; thus, her license “shall be deemed approved” pursuant to section 120.60(2), Florida Statutes (1989). See Krakow v. Department of Prof. Regulation, Bd. of Chiropractic, 586 So.2d 1271 (Fla. 1st DCA 1991).
Johnson also contends that the appeals referee erred in finding that she did not have the necessary interior design experience to qualify for the grandfather license. We need not reach this issue since we have determined that the Board failed to comply with section 120.60(2). We note, however, that the record shows that Johnson had considerable interior design experience and that the hearing officer specifically found that Johnson is currently capable of providing interior design services.
Thus, we reverse the Board’s final order and remand with directions to issue Johnson a license as a registered interior designer, her application having been “deemed approved” by operation of section 120.60(2), Florida Statutes (1989).
Reversed and remanded.
HALL, A.C.J., and PARKER, J., concur.