# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3346

_____

MILA ALF, LLC d/b/a DIXIE
LODGE ASSISTED LIVING
FACILITY,

    Appellant,

    v.

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

    Appellee.

_____

On appeal from the Agency for Health Care Administration.
Justin M. Senior, Secretary.

May 30, 2019

OSTERHAUS, J.

MILA ALF, LLC appeals the decision of Florida's Agency for Health Care Administration to reject its change of ownership application for a standard license to operate an assisted living facility. Appellant makes two arguments on appeal. It argues, first, that it is entitled to a license by default under § 120.60(1), Florida Statutes (2015), because AHCA failed to timely decide its application. It argues, second, that AHCA wrongfully overturned a recommended order of the Division of Administrative Hearings in violation of § 120.57(1)(l), Florida Statutes (2015). We affirm AHCA's final order.

I.

In July 2015, Appellant submitted to AHCA an application for a change of ownership license related to the Dixie Lodge Assisted Living Facility. Dixie Lodge had been licensed under previous owners for about thirty years as a seventy-seven-bed assisted-living facility with limited mental health specialty services. AHCA granted Appellant a provisional license to operate the facility while reviewing its application for a standard license. *See* § 408.808, Fla. Stat. (2015).

Within a couple of months, AHCA issued a notice of intent to deny Appellant's application, citing its failure to meet minimum licensure requirements. AHCA identified eighteen Class III deficiencies and three Class II deficiencies from its change in ownership inspection. AHCA later amended the notice to add legal authority for its decision and results from a subsequently discovered violation.

Appellant petitioned for a formal administrative hearing pursuant to §§ 120.569 and 120.57(1), Florida Statutes. In 2018, the Division of Administrative Hearings held a hearing to decide whether Appellant's application for change of ownership should be approved. A recommended order issued in May 2018. The Recommended Order found that clear and convincing evidence supported many of the AHCA-identified deficiencies: failure to prepare and file adverse incident report, failure to obtain/maintain complete health assessments for residents, failure to provide residents with a minimum weekly number of hours of leisure and social activities, failure to ensure that residents' rights were addressed, failure to provide assistance with self-administration of medications, failure to maintain accurate and up-to-date medication observation records, failure to provide adequate supervision over the facility, failure to timely obtain/maintain in the personnel file of each direct health care provider verification that the staff member was free from communicable disease, failure to ensure that a staff member who had completed CPR courses was in the facility at all times, failure to ensure that staff members timely completed a required training course in DNRs, failure to maintain a three-day supply of food in case of an emergency, and failure to maintain facility records for admission and discharge.

But the ALJ also found that closing Appellant's facility would have a potential negative impact on the residents. The order concluded that AHCA did not demonstrate that the denial of Appellant's application was warranted under §§ 408.815(1)(b), 429.14(1)(a) or (e), or 408.815(1)(d), Florida Statutes; but that it did have authority to deny Appellant's application under §§ 429.14(1)(h) and 408.815(1)(c), for failing to demonstrate that operations at the facility met minimum licensure requirements. The ALJ recommended, however, that AHCA not deny the application.

On July 12, 2018, AHCA's Final Order incorporated most of the recommended order. But it ultimately denied the application, citing §§ 429.14(1)(e) and 408.806(1)(g), Florida Statutes, because of the twenty-four deficiencies uncovered by AHCA's ownership survey inspection and Appellant's "failure to meet minimum licensure requirements." After AHCA denied Appellant's application, this appeal followed.

II.

A.

The first issue in this appeal involves the interpretation and application of § 120.60(1), Florida Statutes. Appellant argues that the statute requires AHCA to grant its application to operate the assisted living facility by default because AHCA failed to timely issue its final order. An issue involving statutory interpretation is subject to de novo review. *W. Fla. Reg'l Med. Ctr., Inc. v. See*, 79 So. 3d 1, 8 (Fla. 2012). Courts must give full effect to all statutory language and avoid readings that render a statute meaningless. *Bennett v. St. Vincent's Med. Ctr., Inc.*, 71 So. 3d 828, 838 (Fla. 2011).

Florida law requires those that operate an assisted living facility to have a license granted by AHCA. §§ 429.04(1), 429.07(1), 408.802(11), Fla. Stat. In this case, Appellant applied for such a license, but AHCA denied it because Appellant failed to show that it met licensure requirements in AHCA's pre-licensure inspection. Appellant argues, however, that it is entitled to a default license anyway, because, under § 120.60(1), AHCA failed to make a final decision on its application within 45 days after the ALJ's

3

recommended order. After the ALJ recommended that AHCA grant Appellant's license on May 10, 2018, AHCA didn't issue its final order denying Appellant's license application until July 12, 2018, some 63 days later.

Section 120.60(1) provides in pertinent part as follows:

> Any application for a license which is not approved or denied . . . within 45 days after a recommended order is submitted to the agency and the parties, whichever action and timeframe is latest and applicable, is considered approved unless the recommended order recommends that the agency deny the license. Subject to the satisfactory completion of an examination if required as a prerequisite to licensure, any license that is considered approved shall be issued and may include such reasonable conditions as are authorized by law.

Previous cases in other contexts have enforced this statute to grant licenses when applications were undecided past the statutory deadline. *See, e.g.*, *Premier Int'l Travel, Inc. v. Bronson*, 843 So. 2d 294 (Fla. 1st DCA 2003) ("Section 120.60(1) provides that the agency must approve any application for a license if the agency has not approved or denied the application within the time periods prescribed by that subsection."); *Krakow v. Dep't of Prof'l Regulation, Bd. of Chiropractic*, 586 So. 2d 1271, 1273 (Fla. 1st DCA 1991) (recognizing that "[o]nce the board failed to act in a timely manner, it was precluded from considering the merits of the appellants' application and . . . the application must be deemed approved"). Here, it is undisputed that AHCA failed to issue a final order within 45 days after submission of the recommended order.

We conclude, however, that Appellant is not entitled to a default license because it failed to meet minimum licensure requirements in AHCA's pre-licensure survey inspection. Section 120.60(1) makes the issuance of a default license "[s]ubject to the satisfactory completion of an examination if required as a prerequisite to licensure." In this case, AHCA's pre-licensure inspection to determine if an owner-applicant can ably operate an

4

assisted living facility constitutes such an "examination" prerequisite to licensure.[*]

To operate an assisted living facility, a new owner must apply and pass a pre-licensure inspection to confirm upfront its ability to lawfully operate the facility. §§ 408.806(1)(g) (requiring applicants to satisfactorily pass an inspection to show that they can carry out their statutory and regulatory responsibilities); 408.806(7) (requiring applicants to pass an inspection); 408.808(1) (conditioning issuance of a standard license on "compliance with all statutory requirements and agency rules"); 408.811 (authorizing agency inspections), Fla. Stat.; *see also* Fla. Admin. Code R. 59A-35.060(6)(c) (providing for the "[c]ompletion of a satisfactory inspection" in which no regulatory violations exist, or all prior violations have been corrected). Here, Appellant failed its pre-licensure examination. AHCA concluded that Appellant didn't meet minimum licensure requirements because its survey-inspection results showed more than twenty deficiencies. Under these circumstances, where the applicant has failed the pre-licensure examination, § 120.60(1) does not require a default license to be issued. AHCA retained authority to deny Appellant's license application because Appellant failed its pre-licensure inspection. *See* § 429.14(1)(h), Fla. Stat. (authorizing AHCA to deny a license due to the applicant's failure to meet minimum requirements at the time of the license application).

B.

---

[*] The term "examination" in § 120.60(1) is not defined in the statute, so we construe it according to its "plain and ordinary sense." *State v. Brake*, 796 So. 2d 522, 528 (Fla. 2001) (citing *State v. Mitro*, 700 So. 2d 643, 645 (Fla. 1997)). *See, e.g.*, Examination, *Merriam–Webster Online Dictionary*, www.merriam-webster.com/dictionary/examination (defining examination as "1 : the act or process of examining : the state of being examined[;] 2 : an exercise designed to examine progress or test qualification or knowledge[; and] 3 : a formal interrogation").

Finally, we do not agree with Appellant's argument that AHCA wrongfully overturned the ALJ's recommended order in violation of § 120.57(1)(l).

Section 120.57(1)(l) requires that

> When rejecting or modifying [a] conclusion of law . . . the agency must state with particularity its reasons for rejecting or modifying [it] and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.

In this case, both the Recommended and Final Orders found that the AHCA-identified deficiencies allowed the agency to deny Appellant's license application. Although the Recommended Order did not ultimately recommend that AHCA deny the application, it confirmed the legal basis for AHCA to do so. The Final Order agreed, in turn, that AHCA could deny Appellant's application because of Appellant's inspection-related shortcomings. Accordingly, because the facts and legal conclusions in the Recommended and Final Orders were in agreement regarding AHCA's authority to deny Appellant's application, and AHCA explained its reasons for doing so, the Final Order did not violate § 120.57(1)(l) of the Administrative Procedures Act.

III.

For these reasons, the Final Order denying Appellant's application is affirmed.

AFFIRMED.

ROWE and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

6

John F. Gilroy, III, Tallahassee, for Appellant.

Nicholas A. Merlin, Agency for Health Care Administration, Tallahassee, for Appellee.